## BARROW *against* PAXTON.

A. demised a
house to B. for
one year, and in
order to secure
the payment of
the rent, B. ex‑
ecuted a bill of
sale of his furni‑
ture, goods, &c.
in the house, on
condition to be void on payment of the rent, provided, that it did not impair A's. right to distrain. After a quarter's rent became due, B. removed part of the goods and sold them to C. for a valuable consideration, but with intent to defeat the security of A. It was held, that the bill of sale of the goods was a mortgage, and that the possession of the mortgagor, being consistent with the face of the deed, there was no evidence of fraud. Possession of goods by the vendor, after sale, is only *prima facie* evidence of fraud.

THIS cause came before the court, on a writ of error, from the mayor's court, of the city of *New-York.*

The plaintiff below, *Barrow*, brought an action of *trover* against the defendant, for certain goods, to which the general issue was pleaded.

The jury found a special verdict, which stated that the plaintiff being seised and possessed of a certain dwelling-house and lot, in *Pearl-Street*, in the second ward of the said city, in consideration of the yearly rent of 425 dollars, payable quarterly, by *Thomas Belding*, demised the said dwelling-house and lot to the said *Belding*, for one year from the first day of *May*, 1808 ; that in order to secure the payment of the rent, *Belding*, on the 6th *July*, 1808, executed and delivered to the plaintiff a bill of sale, which stated, that to secure the payment of the said rent, as it became due, he assigned to the plaintiff, his executors, &c. all and singular the household furniture, goods, chattels, &c. then in the said house ; and that on the execution of the said bill of sale, he did deliver to the plaintiff, one silver spoon in the name of, and as and for the property assigned. Provided, that if the rent should be paid by the said *Belding* as it became due, the said bill of sale should be void ; and provided, also, that the acceptance of the said bill of sale, should not impair the right of the plaintiff to distrain for the said rent, if he should choose to exercise it.

The goods mentioned in the plaintiff's declaration, were part of the goods so assigned to him by *Belding*, and after the execution of the bill of sale, the goods thereby assigned, remained in the same dwelling-house, in the possession of *Belding* and his family. On the first day of *August*, a quarter's rent being then due, part of the goods, to the value of sixty-six dollars and fifty cents, were taken and carried away, out of the house by *Belding* and the defendant, to a store of the defendant, who kept and detained the goods, under colour of a purchase from *Belding*, and converted the same to his own use; the purchase made by the defendant, was made for a valuable consideration, but with intent to defeat the security held by the plaintiff.

Judgment was given for the defendant, by the court below, on the special verdict.

ALBANY,
Feb. 1810.

BARROW
v.
PAXTON.

*Talbot*, for the plaintiff in error. The bill of sale in this case is undoubtedly valid as between the parties; and I contend that it is good against a purchaser, unless fraud be shown. There is no pretence that the vendor was in debt, or that the bill of sale was made with a view to defeat creditors. Where the possession of the goods by the vendor, is consistent with the deed and the intent of the parties, there the possession is not evidence of fraud.* [He was stopped by the court.]

*Bull. N. P.
258. Cowp. 432.
2 Term Rep.
694. 3 Term
Rep. 620. 7
Term Rep. 67.
1 Bos. and Pull.
86. and see 1
Powell on Mort-
gages, c. 2. p. 24.
76.

*Slosson*, contra. This was a pledge, not a mortgage. A pledge or pawn of goods, is where the pawnee has only a *special* property in the goods, to detain them for his security; it is a mere deposit of personal effects, to be kept according to express stipulation, or the course of trade, until the money for which they are pledged is paid. A mortgage is a pledge and something more; for after the condition is forfeited, the mortgagee has an *absolute* interest in the thing mortgaged.† The distinction between a pledge and a mortgage, and the law in regard to the former is well laid down in the case of *Cortelyou* v. *Lansing*,‡ decided in this court.

†1 Vesey, jun.
378. Powell on
Mortgages, 3, 4.

‡2 Caines' Cas.
in Error, 200.
and see Brook.
Abr. tit. Pledg-
es, 20. Glanv.
lib. 10. c. 6. 5
Hen. VII. Bract.
99. b. Yelv. 178.
1 Bulst. 293.
Cro. Jac. 244.
Noy, 137. 1 Atk.
167. Salk. 522.

[KENT, Ch. J. That case was never decided by this court. It was argued once, and I had prepared the written opinion which appears in the report of Mr. *Caines;* but the court directed a second argument, which, for some reason or other, was never brought on, so that no decision took place on the points raised in the cause. How my opinion got into print I do not know. It was probably lent to some of the bar, and a copy taken, which the reporter has erroneously published as the opinion of this court.]

*Slosson.* But supposing the bill of sale to have been a mortgage. The bill of sale assigns and transfers the goods by words in the present tense; and a silver spoon is decla-

red to have been delivered, in the name of the whole, and as tantamount to the immediate delivery of possession to the plaintiff. The possession, by *Belding*, afterwards, is contrary to the language of the deed, and the express intent of the parties ; and is, therefore, inconsistent with the conveyance. Where the instrument by which personal property is transferred, on the face of it, expresses a delivery of the property, there must be an actual delivery ; for unless possession accompanies and follows the deed, it is fraudulent and void.* The rule is the same whether the bill of sale be absolute or conditional.†

Again, the first section of the statute of frauds, (10 sess. c. 44.) declares all deeds or conveyances of goods, made in trust to the use of the person making such deed, to be void. Here was a trust for the use of *Belding ;* the possession continuing in him is evidence of such trust. Then, if the defendant purchased with notice of the previous sale, the purchase is not invalidated ; for where the previous deed or conveyance is void and inoperative, it is perfectly immaterial whether the subsequent purchaser has notice or not.‡ The possession in *Belding* was fraudulent, and the plaintiff being privy to such fraud, cannot be allowed to set up his claim against a *bona fide* purchaser, or third person. The defendant having got the possession, he must be allowed to retain it, according to the maxim, *melior est conditio possidentis.*

*Per Curiam.* The bill of sale stated in the record, was a mortgage of goods, and not a technical pledge. A pledge is a deposit of goods to be redeemed on certain terms. Delivery always accompanies a pledge, but a mortgage of goods is often valid without delivery. Possession continuing in the vendor is only *prima facie* evidence of fraud, and may be explained. Here possession by the mortgagor was consistent with the face of the ·

ALBANY,
Feb. 1810.

BARROW
v.
PAXTON.

* 2 *Term Rep.* 594. 1 *Cranch's Rep.* 309. *Cowp.* 432.
† 1 *Atk.* 67. 1 *Vesey,* 348, 349.

‡ *Rob. on Fraud. Conv.* 35. 40.

deed, and there is no pretence of a fraud upon creditors. It was here, as in the case of *Cadogan* v. *Kennet*, (*Cowp.* 432.) part of the trust, that the goods should continue in the house. The fraud was all on the part of the defendant, for he purchased and took away the goods in the night, with the *intent* to defeat the claim of the plaintiff. It is impossible that his title thus acquired can prevail. The judgment below must be reversed.

<div align="right">

Judgment reversed.