# CASES

# SUPREME JUDICIAL COURT

.THE COUNTY OF PENOBSCOT, JUNE TERM, 1833.

---

## TRAFTON *vs.* DORE.

The defendant received of the plaintiff by assignment, certain notes of hand against a third person, as collateral security for the payment of a debt due ; and by contract *under seal* agreed to reassign them, *if* the principal debt should be paid, or said collateral notes should be collected, *before a certain day.* The collateral notes, the amount being greater than the principal debt, were paid, but not until long *after* the day fixed. *Held,* that if the plaintiff had any remedy it should be sought in an action of *covenant* and not in *assumpsit* — but that, he could maintain no action to recover the excess.

THIS was *assumpsit* for money had and received, and came up to this Court on exceptions taken to the opinion of the presiding Judge in the Court .of Common Pleas.

The plaintiff, to maintain the action, introduced an agreement under seal, which was in the following words, *viz :*

"*Athens, Jan.* 12, 1827.

" Whereas *Mark Trafton* of *Bangor*, in the county of *Pe-*
" *nobscot, Esq.* has this day given me his note of hand for the
" sum of four hundred and sixty dollars and interest — has also

Trafton *v.* Dore.

" assigned to me a mortgage deed and five notes of hand sign-
" ed by *William Bacon, Jr.* and *Henry Bacon,* amounting to
" *five hundred and seven dollars and thirty-two cents,* all dated
" *April* 3, 1826, as *collateral security,* for the payment of the
" said sum of *four hundred and sixty dollars,* I hereby promise
" and agree, that if the said *Trafton* should pay or cause to be
" paid, the said sum of four hundred and sixty dollars, *in one*
" *year from June next,* with interest thereon annually, *or if I*
" shall collect the same from the said notes, signed by the said
" *Bacon* and others, by the time last aforesaid, to reassign the
" said *Bacon* notes and mortgage to the said *Trafton,* thereaf-
" ter on demand.

*Isaiah Dore.*" [L.S.]

The plaintiff also proved by *William Bacon, Jr.* that he, the
witness, paid the whole amount of the notes described in the
foregoing instrument to the defendant, *Dore.* But no part of
it was paid within a year from said 12th of *January* — nor was
the sum of $460, paid previous to the *first day of July,* 1828;
*all* the notes however were paid previous to *Oct.* 27, 1831.

It was thereupon contended by the plaintiff that, he was en-
titled to recover the balance in the hands of the defendant after
the payment of the note of hand of $460, mentioned in the
foregoing agreement. But *Perham, Justice,* ruled that on the
evidence produced, the action could not be maintained, and di-
rected a nonsuit, to which the counsel for the plaintiff excepted.

*Abbott,* for the plaintiff, relied upon the express declaration
in the agreement, that the notes assigned were for " *collateral*
*security*" merely. The defendant has received an amount suf-
ficient to satisfy his own debt, and an excess of about $84.
This in good conscience he is bound to refund, and for the re-
covery of which, this action may well be maintained. The ac-
tion is not brought on the agreement under seal, because the
$460 was not paid within the year, but was produced on trial,
merely to show that the assignment of the notes and mortgage
was not absolute, but conditional and *collateral.*

*Kent,* for the defendant, contended that *assumpsit* could not
be maintained upon this agreement, it being *under seal.* **Nor**

could he go out of it and maintain an action for an alleged cause growing out of this agreement. The contract between the parties has been reduced to writing, and to that should they be confined.

He argued further, to show that, if no objection had existed to *the form of action*, it could not have been maintained on the merits, and cited, 5 *Dane's Abr. ch.* 154, *sec.* 7 ; *Appleton v. Crowninshield*, 3 *Mass.* 443 ; *Pothier on Obligation, part* 2, *ch.* 3, *art.* 2 ; *Bond v. Richardson,* 10 *Cro. Elix.* 141 ; *Makepeace v. Harvard College,* 10 *Pick.* 298 ; *Stanley v. Stanley,* 2 *N. H. Rep.* 364.

MELLEN C. J. delivered the opinion of the Court.

On the third of *April,* 1826, *William Bacon, Jr.* and *Henry Bacon* gave five promissory notes, for the sum of five hundred and seven dollars, payable to the plaintiff at different days ; and also a mortgage of certain real estate as collateral security. On the 12th of *January,* 1827, the plaintiff gave his note to the defendant for the sum of four hundred and sixty dollars and interest, and assigned the said mortgage and notes to *Dore* as collateral security for the payment of his note. It appears, that the full amount due on *Bacon's* notes was paid to *Dore* by *Bacon,* as early as *Oct.* 27, 1831, and the plaintiff in this action demands the difference between the amount due on the note he gave to *Dore,* and the amount due on the five notes given by *Bacon* to the plaintiff, and by him assigned to *Dore.* In deciding this cause, the *mortgage* and the assignment of it to *Dore,* may be laid out of the case : it cannot be the subject of claim or consideration in the present action. The above balance is demanded on the principle, that the *five* notes were assigned to *Dore.* merely as collateral security for the payment of the note for *four hundred and sixty dollars,* given by the plaintiff to the defendant, and that of course the balance belongs to him, as *his* note is *overpaid.*

If such was the real character of the transaction, and such the agreement of the parties in relation to the assignment of *Bacon's* notes, the claim of the plaintiff in an equitable point of view, at least, would be well founded. To ascertain its cha-

racter and the plaintiff's rights more fully, we must look to the terms of the contract of *January* 12, 1827, under the hand and seal of the defendant, and which was introduced by the plaintiff to the action. By this contract, which is relied on by him, in support, and, of course, assented to by him, it is stated that the mortgage and the five *Bacon* notes were *assigned* to *Dore* as *collateral security* for the payment of the plaintiff's note to him : and *Dore* promised and agreed that, if *Trafton* should pay, or cause to be paid, the said sum of four hundred and sixty dollars in *one year from June then next following ;* that is, *before the first of July*, 1828, with interest, or if he should collect the same from *Bacon's* notes *by the time last mentioned*, he would *reassign* the mortgage and the *Bacon* notes. If, upon the true construction of the agreement, the plaintiff is entitled to recover damages for any breach of it, the remedy must be sought in an action of *covenant*, and not *assumpsit*. But has the contract been violated as to the *Bacon* notes, (for we take no notice of the mortgage,) by the defendant's omitting to reassign them to the plaintiff, after *Bacon* had paid them and they were thus *Bacon's* property ? It seems to us not to have been. If by a fair construction, then, of the contract, it does not furnish a ground of *claim* against the defendant *upon the contract itself*, does it, or does it not, furnish a *defence* against the present action, brought to recover the balance above-mentioned, now remaining in his hands ? Though the *Bacon* notes were *assigned* as *collateral security*, yet by the terms of the contract, at least so far as respects the *notes*, the defendant was not bound to do anything, unless the $460 note was paid, or its amount realized out of the *Bacon* notes *before the first of July*, 1828 ; and neither of those events took place. *Until* that time, the notes were held by the defendant as *collateral security* ; but *after* that time, by the terms of the contract, they immediately became the *absolute* property of the defendant ; whereas by the *assignment* or *mortgage* of them, he acquired only a *conditional* property. *Chancellor Kent, vol. 4, page* 132, observes, " The distinction between a *pawn* and a *mortgage* of " chattels is equally well settled in the *English* and in the " *American* law ; and a *mortgage* of goods differs from a *pledge*

" or *pawn* in this, that the *former* is a conveyance of the *title*
" upon *condition*, and it becomes an *absolute* interest at law, if
" not redeemed by a given time." *See Brown v. Bennett*, 8
*Johns. R.* 96. The Court in their opinion say, " Here was a
" complete transfer of the title to the goods in question, with a
" condition of defeazance on the payment of $120, 35 in four-
" teen days. This was a *mortgage*, not a technical *pledge*."
The money was not paid according to the condition, and the
court decided that the title became absolute in the mortgagee.
*Homes & al. v. Crane*, 2 *Pick.* 610. In *Barrow v. Paxton*, 5
*Johns.* 258, there was an *assignment* of certain household fur-
niture as collateral security for the payment of rent, by certain
specified days. The court say, " the bill of sale stated in the re-
" cord, was a *mortgage* of goods and not a technical *pledge*."
In the present case, it appears that the *Bacon* notes were *as-
signed* to the defendant, upon the conditions specified in the
defendant's agreement, and in case the condition had been com-
plied with, he would have been bound to *re-assign* them.

*Exceptions overruled ; nonsuit confirmed.* —
*Judgment for defendant.*