*152 By the Court,
Grimke, Judge.
The rule governing eases of this ■kind, has been subject to the greatest fluctuations in the United States. The decisions in this state, have, perhaps, been more uniform than in any other. 'In Pennsylvania it has been held that on an absolute or ^conditional sale of chattels, possession must follow and accompany the sale, or it is fraudulent in law, although there is no fraud in fact. 5 Serg. and R. 275; 1 Penn. 57. The same has been declared tobe the law in New Jersey, Connecticut; and Vermont. On the other hand, it has been held in New York, that the retaining possession of the property, is only prima facie evidence of fraud. 5 Johns. 258 ; 8 Johns. 452. In a later case in that state, the court appeared disposed to establish a more severe and inflexible rule. They held that if the party executing the bill of sale, was permitted to remain in possession, whether the sale was absolute or conditional, it was fraudulent in law; but that decision was again entirely overruled, Bissell v. Hopkins, 3 Cow. 166, where it was again held, that possession was Only prima facie evidence of fraud. This last doctrine has been declared to be the law in Massachusetts, New Hampshire, and North Carolina. 15 Mass. 244; 5 Pick. 59; 5 N. Hamp. 545; 2 Hayw. 126. In this state but one rule has been declared, which is, that the retaining possession of property after the execution of a. bill of sale, whether absolute or conditional, is a question of fact for the jury. Unexplained, the retaining of possession after sale, would be held fraudulent, but such possession is not regarded as conclusive evidence of fraud in itself.
We do not see how the court could properly have charged the ju.ty different, without taking the case from them altogether. The jury were instructed that the circumstance of possession being retained, was’prima facie evidence of fraud, and it was left to them to determine whether there was actual fraud in the transaction. Our reports are full of cases declaring the same doctrine.
Motion overruled.