Curia, per Sutherland, J.
William Tousey was-one of the residuary legatees of Booth, the testator of the defendant. He was called, and offered by the defendant, as a witness-generally,-without the-specification, of,any particular fact, which it. was intended to establish by -him. . He was objected to, - on.-the ground. of interest, as being a legatee.. The objection was. sustained, and the. witness rejected.
The- witness had-a direct-interest in the. event of the suit. •; By defeating- the. ¡plaintiff ’-s- action, -he .would .have protected . the fund, of .which he was. -one.-of the residuary legatees; and .which would, -of course,-have been diminished by the', plaintiff’s.-recovery.-. (1 Phil. Ev. 51, 2; 5 John. 258, 427; *66 1 Mass. Rep. 239; 2 Day, 466; 1 Campb. 381; 2 Campb. 301; 2 N. R. 331.)[1]
*66-1 The testator resided and died in Pennsylvania, and there the will was proved. The defendant received assets of the estate in Pennsylvania, and brought them with him into this state. He also, in this state, received debts due to the testator to a considerable amount. The judge charged the jury, that the defendant was liable for all the assets which he still retained in his hands, or which he *had expended, or disposed of in this state, unless in the due course of administration, whether they were received in this state, or originally received in Pennsylvania, and brought from there here. That the fact of his having been appointed executor in Pennsylvania, would not, of itself, protect "him here; but that it was incumbent on him to show, that the assets which he had received in Pennsylvania and brought into this state, as well as those which he had received here, had been disposed of in a due course of administration in Pennsylvania, or in the payment of the debts of the testator in this state. That having failed to do either, he was *67 liable as executor de son tort, to the amount of those assets-
. . We see no error in this charge of the judge. If a foreign executor is liable to be sued here, of which we apprehend there can be no question, he must, from the very nature of the case, prima facie, be responsible for the assets which are shown to have been in his possession within this state. No matter where they may have been received. And in order to discharge himself from that responsibility, he must show that those assets have been applied in a due course of administration to the payment of the debts of the testator! It is the only way in which an executor, under such circumstances, can be reached. He cannot be compelled to account here, even in relation to the assets received in this state; for having taken no letters of administration here, he is not amenable in that way to any of our courts. He cannot be reached in Pennsylvania, because both his person and the assets are beyond its jurisdiction; and if he is not liable when sued here, for the assets received there, he never can be compelled to apply them to the debts of his testator.
In the Selectmen of Boston v.Boylston, (2 Mass. Rep. 384,) an administrator with the will annexed, of one domiciled in England, and dying there, came to Massachusetts, and took administration cum testamento annexo, for the purpose of collecting some debts due there to the testator. In settling his administration account before the judge of probates, it was attempted by the appellants, who *were legatees under the will, to compel him to embrace in the account, all the assets and effects received by him in England. But it was held that he was not obliged to account there for effects received by him in England. The decision, however, was placed principally upon the phraseology of the statute under which the administration was taken. The case of Goodwin v. Jones, (3 Mass. 518,) decides that an administrator, who has received letters of administration under the authority of another state, cannot, by virtue of that administration, maintain a personal action in the courts of Massachusetts ; and the decision was founded upon the principles of the common law, as well as upon the particu *68 lar statutes of that state. (And vid. 11 Mass. Rep. 256; 2 Pick. 11.) Chancellor Kent, in Morrell v. Dickey, (1 John. Ch. Rep. 156,) and Williams v. Storrs, (6 John. Ch. Rep. 353,) considers it as well settled, that we cannot take notice of letters testamentary, or of administration, granted abroad; and that they give no authority to sue here. (3 P. Wms. 369; 8 Ves. 44; 3 Day, 74; 1 Cranch, 259.) The defendant was clearly an executor de son tort, and the action was properly brought against him as executor generally. (Com. Dig. Administrator, C. 1, 2, 3; Toller’s Ex. 17, 369.)
It is well settled, that if an executor de scm tort plead ne ungues executor, (as was done in this case,) and it be found against him, he shall be charged as any other executor, de bonis jorojpriis. (Toller, 369.)
The motion for a new trial must be denied.
Hew trial denied.

 On a suit against two joint debtors, one diedjpendente lite; and on the trial his son was offered as a witness for the other. He was held incompetent, as the survivor might claim over, against his father’s estate. The death was not suggested on the record though it appeared in proof on the trial; and the court held this sufficient to exclude him. Shepard v. Ward, 8 Wend. 542. After a suit brought on a promise made to A. and 33., administrators of D., in consideration of a devastavit, (the release of two judgments, due to D.’s estate,) A. died, and his son, after having assigned all his interest in the suit, and offered to pay all costs, was offered as a witness for the plaintiff; yet he was held interested, for the father’s estate was liable to make good a share of the devastavit. Kimball v. Kimball, 3 Rawle, 469. But a paid legatee was held competent for the executor, though liable to refund for want of sufficient assets to pay debts, it not appearing that there was in truth a deficiency. Clarke v. Gannon, Ry. & Mood. H. P. Rep. 31. And where a testator devised the residue of his estate to a society, incorporated for pious and charitable purposes, the members of the society, being mere trustees to convey the testator’s bounty to the objects of the institution, were held to be competent witnesses to prove the sanity of the testator when he made the will, the society not being a party to the suit. Nason v. Thatcher, 7 Mass. Rep. 398. It is said a residuary legatee shall not be a witness for the estate, even though it appear the estate has been so much expended that there will be no residuum. Per Mills, J., in Lampton v. Lampton’s ex'rs, 6 Munroe, 620. An executor is not a competent witness against legatees or creditors. Id. 620, 621.
A distributee having released all his interest in the subject matter, and being indemnified against contribution for costs, is competent to testify for the administrator, although he be also an heir, it now appearing that any real estate has descended, the value of which may be indirectly benefitted by the recovery. Boynton v Turner, 13 Mass. Rep. 391.
A residuary legatee cannot be a witness to increase the fund on which the residuum depends; and a release by the witness of a particular thing appertaining to the fund which may be the subject of the suit in which he is called to testify, does not discharge his interest. Austin v. Bradley, 2 Day, 466.
A legatee or devisee, who is also heir at law, is a competent witness to prove a fact to establish the will under which he takes the legacy, when the establishment of the will is clearly against the interest he would have as heir. Graham v. O'Fallon, 4 Mo. Rep. 338.
The release of a distributee, of all claim in a particular demand sought to be recovered by the administrator, will not render such, distributee a competent witness to establish the demand. Kennedy's adm’rs. v. Conn's adm'r., 3 B. Mon. Rep. 321.
One co-legatee cannot make herself a competent witness to increase the distributive share of her co-legatees," by releasing to them her interest in the *66-1 legacy; and her deposition under such circumstances may properly be suppressed. Powell v. Powell, 7 Ala. Rep. 582.
An executor claiming no interest as devisee or legatee under the will, and not having acted in such a way as to subject him to a decree for costs, is a competent witness between parties claiming the estate he represents; though he is a party defendant in the suit; though he has settled his accounts showing a large balance in his hands; and though he is entitled to commissions upon his receipts and disbursements. Coalter's Exr. v. Bryan, 1 Gratt. Va. Rep. 18.
A distributee who has transferred all his interest to a co-distributee, without recourse, is a competent witness for the latter. Blackberry v. Holton axd Wife, 5 Dana, 523.
The interest which according to modern practice will render a witness incompetent, is an interest in the event of the suit, so that the decision will directly affect him to his profit or loss, his advantage or disadvantage—a doubtful, uncertain or contingent interest goes to his credibility. Higgins v Morrison, 4 Dana, 106.
A witness for an executor was a devisee and legatee, but had received the devise and legacy, had given the executor a full release, and had been by him released from all liability upon his refunding bond. It did not ap pear that a recovery in the present suit was at all necessary to enable the executor to meet all the debts. Held, that the witness was competent, notwithstanding a recovery might possibly prevent a resort to his devise or legacy, to pay debts of the testator. Ib.
See Am. Dig., by Waterman, vol. 3, tit. Witnesses.