## BROWN v. BROWN.

Equity can control foreign executors and administrators where failure of justice or a hopeless remedy might otherwise occur, but it will not ordinarily sustain suits against them (where they have not taken out letters in this state.)

Bill for an account and to secure assets was filed by a residuary devisee and legatee residing within the jurisdiction against executors casually here but whose residence was in another state, where the will had been only proved and the testator had died. Although the principal part of the property was in that other state, there was some within New York; yet there were no special circumstances in the case. Demurrer interposed; and allowed.

BILL filed by Nicholas Brown of Piermont, Rockland County, State of New York. It set forth the will (and codicils thereto) of Nicholas Brown, senior, late of Providence in the State of Rhode Island, under which the complainant was entitled as a residuary devisee; and also showed that such will, with the codicils, was proved before the municipal court being a court of probate of the city of Providence in the State of Rhode Island. Likewise, that John Carter Brown, Moses B. Ives and Robert H. Ives accepted the trusts as executors and letters testamentary were, by the said municipal court, issued to them. That, at the time of the decease of the testator, his heirs at law and next of kin were the complainant, who was his eldest son, the said John Carter Brown who was his youngest son, and his two grandchildren Abby Brown Francis and John Brown Francis of Warwick in the said State of Rhode Island. That no letters testamentary or of administration had been issued to any person upon the estate of the said Nicholas Brown senior in the State of New York. Allegation that there was property, real and personal, to a large amount, and that a considerable sum was invested with the New York Life Insurance and Trust Company and in the Bank of the State of New York and New York Insurance Company; and the complainant believed that if the said executors disposed of such investments, the amounts thereof would be removed out of

Jan. 18,
1844.

Jurisdiction.
Pleading.
Bill.
Executor and administrator.
Foreign Executor.

1844.

BROWN
v.
BROWN.

the jurisdiction of the court. That they were all citizens and residents of the State of Rhode Island ; and that they and each of them were but seldom in the State of New York and when they and each of them did come, they remained but for a day or two and immediately departed therefrom—and the complainant believed that if the said executors were suffered to depart from the State of New York the complainant would be wholly remediless.

*Prayer* against these executors for an account generally or so far as the assets in New York were concerned; and that, after payment of all legal charges, the clear balance might be secured by and under the order of this court for the benefit of the complainant and the other residuary legatees and devisees under the said will—or, for further or other relief. Prayer, also, for an injunction.

The defendants demurred generally, and, then, "for a further cause of demurrer these defendants severally show that, as it respects the personal property of the said Nicholas Brown, senior, in the said bill named, which is in the same bill alleged to have been in the State of New York at the time of the death of the said Nicholas Brown, they, these defendants, if answerable or bound to account concerning the same to any person, can only be required to answer or account for the same unto an executor or executors of the last will and testament of the said Nicholas Brown, senior, deceased, to whom letters testamentary have been issued by some competent authority under the laws of the State of New York or under an administrator or administrators of the goods, chattels and credits of the said Nicholas Brown, senior, deceased, duly appointed under the same laws; and that, as it respects all the residue of the real and personal estates of the said Nicholas Brown, senior, it is not alleged in the said bill that the same or any part thereof or any proceeds thereof were within the State of New York at the time of the death of the said Nicholas Brown, senior, or at any time since ; and, therefore, the proper courts of the said State of Rhode Island in the said bill named, where such residue of the real and personal estates lie and where these defendants reside, as appears by the said bill, have competent and exclusive jurisdiction to require these defendants to answer

and account concerning the same. And these defendants are severally advised that this court has not, as it appears by the said bill, any jurisdiction to enable it to require these defendants to answer or account concerning the same or any part thereof. And for a further cause of demurrer to the said bill, these defendants severally show, that the said bill does not allege against these defendants or any of them any fraud, breach of trust or misapplication, contrary to their duty as executors, of any part of the real or personal estates in the said bill mentioned.

"And for a further cause of demurrer to the said bill, these defendants severally show, that it appears by the said bill that the same is filed before the vice-chancellor of the first circuit of the state of New York, who hath not jurisdiction of the same : because it appears by the said bill that the cause or matter of the said bill did not arise within the said first circuit and that the subject-matter in controversy, in the said bill mentioned, is not situated within the said first circuit ; and that the defendants did not nor did any of them reside within the said first circuit at the time of filing the said bill. Wherefore, &c."

Mr. *O'Conor*, in support of the demurrer.

Mr. *Tucker* and Mr. *Crapo*, for the complainants.

THE VICE-CHANCELLOR :—If the court of chancery has jurisdiction at all of this bill, it may be exercised by the vice-chancellor of the first circuit : some portion of the property in question being situated within the circuit.

But the principal ground of the demurrer is, that the defendants, being foreign executors, are not liable to be sued or called to an account in the courts of law or equity of this state.

The will was made in Rhode Island, where the testator resided, where the bulk of his estate is situated, where the will has been proved and letters testamentary granted, and where the executors reside. Some funds of the testator had been invested by him in stocks in the city of New York ; and remained so invested as well at the period of his death

1843.

BROWN
*v.*
BROWN.

June 25.

1843.

BROWN
*v.*
BROWN.

as at the time of the filing of this bill. The complainant, a resident of New York, is one of the residuary devisees of the estate ; and he files this bill for the purpose of calling the defendants to an account in relation to the whole estate and of having his residuary share ascertained and secured or paid to him and of preventing, in the meantime, the funds invested here from being transferred or removed out of this jurisdiction.

The defendants have not qualified as executors under the laws of this state, not having proved the will or taken out any letters of administration here. As a general rule, suits cannot be brought by or against foreign executors or administrators : that is, they cannot sue or be sued as such by virtue of an appointment or authority derived from the laws of another state : Story's Con. of Laws, § 515.

It is true, that, previous to our revised statutes, an executor or administrator coming from abroad into this state and here collecting property or money of the decedent, without first taking out letters under the laws of the state, might be sued as an executor *de son tort ;* and such was the case of *Campbell* v. *Tousey,* 7 Cow. 64. But the revised statutes have abolished this remedy by action against any person as executor in his own wrong, (2 R. S. 449, § 17,) and made ample provision for a legally constituted executor or administrator, (Ib. 75, § 31,) so that a suit similar to that of *Campbell* v. *Tousey* could not now be sustained at law.

True, also, there are cases in which the court of chancery will assume jurisdiction over foreign executors and administrators at the instance of creditors, legatees or next of kin ; still, these must be special cases and where, but for the interference of this court, there would be manifestly a failure of justice or only a hopeless remedy elsewhere. Instances are pointed out by the chancellor in *McNamara* v. *Dwyer,* 7 Paige's C. R. 239 and in which case he deemed himself called upon to assume jurisdiction over a foreign administrator who had left his own country and come here, bringing with him the property of which he was administrator and was engaged in wrongfully applying it to his own use.

The bill in question does not present such a case, nor at-

tempt to show that the complainant cannot have an adequate remedy in the courts of the State of Rhode Island. This complainant is not a creditor seeking payment of a debt contracted with him in the State of New York and upon the faith of funds or property placed within this jurisdiction and which it might be unjust to withdraw from his reach. He is a volunteer claiming the gift of a residue of a large estate under a will made in the State of Rhode Island, where the bulk of the property is situated and where the persons entrusted by the testator with its management reside and where the testator, doubtless, contemplated that the affairs of his estate should be closed and settled. The will was made with reference to the laws of the testator's domicil ; and by those laws are the affairs of his estate to be administered, the accounts settled and the residue ascertained and distributed. The complainant, in taking his share, must be left, at all events, to the operation of the *lex loci* of the testator's domicil in regard to his rights ; and in my opinion he must also be left to pursue his remedy according to the *lex fori* of Rhode Island, unless, indeed, he could show, which he has not done, that by some act of the defendants, in removing their persons or the property from that jurisdiction, any remedy, which he might undertake to pursue there, would be fruitless.

The demurrer must be allowed ; and the *bill dismissed,* with costs.