## SUPREME COURT.

### MIDDLEBROOK agt. THE MERCHANTS' BANK.

An *executor,* who has obtained probate and letters testamentary in a *sister state,* where he resides, can dispose (without action) of his testator's *personal property in this state,* without taking out letters ancillary here.

*New York Special Term, December,* 1862.

THIS was an action to compel the bank to allow the transfer of one hundred shares of their stock standing in the name of Robert Middlebrook, deceased, to his son, Louis N. Middlebrook, the plaintiff. The facts were as follows : The deceased was a resident of Trumbull, in the probate district of Bridgeport, Connecticut, and died in May, 1861. By his last will he gave $16,000 of bank stock to the plaintiff, to be selected by him and appraised, and he

appointed three persons, all residents of Connecticut, his executors. The executors proved the will in the probate court for the district of Bridgeport; letters testamentary were granted to them, and they proceeded to settle the estate according to the will. The testator held stock in five or six other banks in this city. The plaintiff selected one hundred shares of the stock in defendants' bank as a part of his legacy. The shares were appraised, and the executors executed, in Connecticut, a transfer of the shares to the plaintiff, who applied to the bank for leave to transfer the item into his own name on the transfer books of the bank. The bank refused to allow the transfer, on the ground that the executors had no right to dispose of these shares without first taking out letters testamentary in this state.

E. SEELEY and WM. BLISS, *for plaintiff.*
B. W. BONNEY and ALFRED ROE, *for defendants.*

CLERKE, Justice. The simple question in this case is, whether an executor, who has obtained probate and letters testamentary in a sister state—the residence of the executor, and where the testator lived and died—can dispose of his testator's personal property, situated here, without taking out letters ancillary in this state.

It is certain that no person can maintain an action in our courts, as an executor or administrator, without first taking out letters ancillary in this state. That is, before he seeks the aid of our courts to enforce any legal right in this state, he must first be invested, recognized and commissioned, in his representative capacity, by the appropriate jurisdiction here.

But that is very different from saying that he cannot transfer any rights existing in this state—that he cannot sell any of his testator's estate, or release any interest therein, without first obtaining letters ancillary here.

In the language of Ashurst, J., in *Smith* agt. *Miles*, (1 *T. R.*, 480,) " the executor has the right immediately on the death of the testator, and the right draws after it a constructive possession."

The probate is a mere ceremony, but when passed, the executor does not derive his title under the probate, but under the will. The probate is only evidence of his right, and is necessary to enable him to sue; but he may release, &c., before probate. (*See, also, Valentine* agt. *Jackson*, 9 *Wend.*, 302; *Babcock* agt. *Booth*, 2 *Hill*, 181.) If the executor, then, can, before probate, dispose of his testator's property, situated or not in the place where his testator had resided, he certainly can dispose of it after probate, although he cannot enforce the possession of it under a foreign jurisdiction, without complying with the preliminary requirements of the laws of that jurisdiction.

The plaintiff, I think, is clearly entitled to judgment.