By the Court,
Robertson, J.
There is nothing in the evidence in this case that points at any other places of residence of the decedent (Cohen) than the cities of Hew York or Hew Haven; and assuming that each place in turn became his residence according to the particular season of the year, the animus manendi at the latter city at the time of his death clearly appears, as well by his declarations as his acts to carry out such intention, the evidence of which is wholly uncontradicted. That was, therefore, properly withdrawn from the consideration of the jury, and the state of Connecticut must be assumed to have been the domicil of the decedent at the time of his death.
The state of Connecticut had, therefore, authority to declare in what manner the personal estate of the decedent should be distributed, and to whom; unless the local positive law of some other government, within whose territory the same was situated, intercepted the same and gave it a different direction. (Schults v. Pulver, 11 Wend. 361. S. C. 3 Paige, 182. Story’s Confl. of L. 403. 4 Burge’s Confl. of L. 156. Holmes v. Remsen, 4 John. Ch. 460. Sherwood v. Judd, 3 Brad. 267.)
The appointment of officers of the law in various countries where a decedent may have left assets, may be necessary to recover, prótect and collect them; but the disposition of such funds, when collected, depends upon the law of the domicil, and their distribution is to be made by officers appointed by *608 that law, to whom such subsidiary collectors may be compelled to account. (Ordronaux v. Helie, 3 Sandf. Ch. 512.) The tribunals of the state where the decedent was domiciled may decree the disposition of assets in the hands of a subsidiary administrator in another state, (Suarez v. Mayor, &c. of New York, 2 Id. 173,) and such a decree is conclusive- upon the parties thereto, in an accounting by the latter administrator in his own state. (Churchill v. Prescott, 3 Brad. 233.) A judgment against the principal administrator is binding on the ancillary one. (Cummings v. Banks, 2 Barb. 602.) A different rule, however, prevails as to payment of debts of the deceased; as to which the distribution of his estate must be made equitably under authority of the local jurisdiction in which they are due. (Lawrence v. Elmendorf, 5 Barb. 73.)
Wherever the law of his domicil allows a decedent to dispose of his estate, the title to it must necessarily pass by the will. (Co. Lit. 209, a. Com. Dig. Chancery, 3, G. 1. Id. Administration B. 11, 12. Schultz v. Pulver, 11 Wend. 361.) An executor takes his title to the testator’s estate by virtue of the execution of his will, not by the probate of it. The law of this state only prohibits them from exercising any authority unless named in the letters testamentary, (2 R. S. 71, § 15,) but does not grant them any. An executor might commence an action before probate ; it was sufficient if it was granted before the trial, (Osgood v. Franklin, 2 John. 1,) and he might also alien the goods of the testator before probate. (Com. Dig. Administration B. 9. Valentine v. Jackson, 9 Wend. 303.) The administrator with the will of a decedent annexed is a mere substitute by the law for an executor or trustee dead, incapable of acting, or declining to act, or to supply his omission, appointed by the tribunals 'of his testator’s domicil to carry out such will; which right necessarily follows that of probate. His authority must then become co-extensive with that of the executor whose place he takes. This is recognized by the common law, (Dominick v. Michael, 4 Sandf. 410, 414; Edgerton Admrs. v. Conklin, 25 Wend. 233 ; Beekman v. Bonsor, 23 N. Y. Rep. 303,) and declared by statute, (2 *609 R. S. 72, § 22.) His title equally relates back to the death of the. decedent. (Com. Dig. Administration B. 10. Valentino v. Jackson, ubi sup. Babcock v. Booth, 2 Hill, 181.),
The personal estate of a decedent, with the title to which his executor or administrator with the will annexed is vested, may consist of chattels, debts due to the- decedent, either not evidenced in writing, or choses in action evidenced in writing. A foreign executor or administrator need not produce his letters in order to bring an action for the recovery of chattels converted, (Valentine v. Jackson ; Babcock v. Booth, ubi sup.;) except to prove his title on the trial, if contested. The right of possession draws to it, in contemplation of law, the constructive possession invaded by the wrongdoer, (Smith v. Miller, 1 Term Rep. 480, per Ashurst, J.) and there is no need of stating the mode of acquiring title. So in actions upon choses in action, negotiable by delivering; the same rule prevails. (Smith v. Webb, 1 Barb. 230.) The recognition of the transfer in law of the right to collect the debts due a testator, to an executor or administrator with the will annexed, appointed by a tribunal of a testator’s domicil in other states in which an action may be brought, is to be found in the discharge of a debtor who pays such debts to him, (Parsons v. Lyman, 20 N. Y. Rep. 112 to 116,) in the liability of such executor or administrator for not. collecting debts due in other countries, (Schultz v. Pulver, 11 Wend. 363,) his authority to demand payment and give notice of non-payment of a note in another state than that wherein he was appointed, (Rand v. Hubbard, 4 Metc. 252,) and his power already referred to, to demand and receive from ancillary administrators the products of collections made by them.
At common law, choses in action not being assignable, no action could be maintained in the name of an assignee. Whenever, therefore, a foreign .executor or administrator sued in his own name, it would appear in the pleadings that he was not the original owner of the claim ; and the authority he proffered for his right to sue would be merely that of a foreign jurisdiction. Such an attempt would be apparently an invasion or *610 usurpation of authority on the part of such jurisdiction in order to confer a right only to be derived from domestic tribunals. The court could not investigate preliminarily to bringing the action, the questions incident to such right and conferring such jurisdiction, such as domicil, and the like. A proferí of the probate or letters was requisite. The court was not to be presumed judicially acquainted with foreign laws, seals, forms and signatures, so as to determine by mere inspection the authenticity óf the evidence of authority. It was not, therefore, the ownership by such foreign executor or administrator of the debt or chose in action, but' his authority to sue in a domestic court to recover it, which was doubted. Such is the language of all the cases ; and most probably arose from a jealousy of the authority of foreign tribunals, as though they undertook to grant a power, to an assignee to sue, only conceded to officers appointed by domestic tribunals. The cases in this state merely followed the English authorities on this point. (3 P. William, 369. 8 Ves. 44.) That it rested only on such technical objection is evident not only from the recognition of the right of a debtor voluntarily to pay such foreign executor or administrator, when he could be compelled to do so, if caught within his jurisdiction, (Perkins v. Stone, 18 Conn. Rep. 270, 276,) but from sanctioning sales by them of land in this state under a power in a mortgage. (Averill v. Taylor, 5 How. Pr. 476.) Whether the same rule should prevail now when any assignee can sue in all cases in their own name, and a proferí is not necessary, need not now be considered.
The assignee, however, of a debt, or holder of a negotiable chose in action, deriving title through a foreign executor or administrator with the will annexed, merely makes the death of the original owner and the appointment of such legal representative links in his title. This question is fully determined in Harper v. Butler, (2 Peters’ U. S. 239,) where it was held that the purchaser of a chose in action from a foreign executor or administrator could recover in his own name in a domestic tribunal, from a debtor resident within its jurisdiction. A similar doctrine was sustained in Middlebrook v. The Merchants’ *611 Bank, (24 How. Pr. 267; S. C. 14 Abb. 462.) Indeed, there does not seem any great distinction between the transfer by foreign tribunals of debts due to the deceased natural persons and those due to foreign insolvent corporations from debtors living within the state. And in the latter case a sale by receivers or trustees appointed by foreign tribunals has been held to convey the right to sue.. (Hoyt v. Thompson, 5 N. Y. Rep. 320.)
If the title of such foreign administrator could be at all embarrassed by any necessity of appointing a domestic aniliary officer to protect the interest of domestic creditors, it would be obviated by full proof in this case of the non-existence of any such claims.
As the ground which excludes a foreign administrator with the will annexed from suing is purely technical, as convincing proof of a sufficient consideration for the assignment is not as requisite as if it were an evasion of a substantial objection. The plaintiff appears to have given his check for the claim, which was deposited in bank by the administrator to the credit of the plaintiff as trqstee, he acting as the administrator’s attorney, It was mixed with other funds and drawn up'on. The bank recognized it as belonging to the administrator. The latter in his assignment covenants that the debt can be collected. The assignment being under seal, imports a consideration, and the plaintiff, if successful, may at least gain the difference of the rate of exchange between New York and New Haven and interest on his advance. The statement of the administrator is somewhat contradictory and confused, as to the condition of the funds he received ; but he positively denied any interest in the action. 1 do not therefore think there was room for a jury to decide that the assignment was a mere sham without any consideration.
The testator being domiciled in Connecticut and the tribunals of that state having jurisdiction to decree probate, we are not at liberty to inquire collaterally into the propriety of the proof or the regularity of the letters of administration. The whole of the proof is not apparently before us. The order ad *612 mitting to probate recites that the testator was of New Haven. The probate court passed upon the sufficiency of the notices to the executors and next of kin in granting letters of administration. The certificates attached to the copies of proceedings in that court are not subject to the objections made on the trial. (Hatcher v. Rocheleau, 18 N. Y. Rep. 86.) And no formal error seems to have been committed in any respect.
The motion for a new trial on the exceptions must be denied, and the plaintiff allowed to enter up judgment for the verdict, with costs to be adjusted, including interest on the amount, and the costs of the argument of the exceptions.
Note. This judgment was affirmed on appeal by the Court of Appeals in 32 N. Y. Rep. 21.