NEW YORK COUNTY.—HON D. C. CALVIN, SURROGATE.— February, 1878.

MATTER OF JONES.

*In the matter of the estate of* THOMAS JONES, *deceased.*

An administrator, by virtue of his appointment in another state, without taking out letters here, applied to receive a legacy which had been paid into court for the benefit of his intestate. *Held*, that while his representative character might protect one turning over the property of the intestate to him, in another state than that in which he was appointed, he had no standing to invoke the aid of the court by its order, in acquiring possession of such property.

THOMAS DUFFY, the administrator of the estate of Fanny Jones, deceased, stated in his petition that the testator, Thomas Jones, by his will, duly proved in this court, bequeathed one-fifth of his personal property to Fanny, Ellen, and Annie Jones, children of his deceased son, Patrick; and that on the 20th March, 1873, the executor, on settlement of his accounts, deposited with the Surrogate of New York $1,233.82, as the portion belonging to said Fanny, Ellen, and Annie, and there now remained so deposited $411.27, with interest, belonging to said Fanny, who died in 1876, about twelve years of age; and that on the 12th day of January, 1878, the petitioner was

appointed administrator of her estate by the probate court of Butler County, California, where said Fanny was domiciled at the time of her death; that the intestate's estate is so small that it would be a burden to take out ancillary letters in this State, and prays that the sum so deposited be paid to the petitioner without further proceedings.

JACOB A. GROSS, *for the petitioner.*

WINGATE & CULLEN, *for the executor.*

THE SURROGATE. — It is the well settled law of this State that an executor or administrator appointed in another state has not, as such, any authority beyond the sovereignty, by virtue of whose laws he was appointed.   (Parsons *v.* Lyman, 20 *N. Y.*, 103); and may not sue in the court of another state which had not given him letters of administration.   (Matter of Butler, 38 *N. Y.*, 397; Petersen *v.* Chemical Bank, 32 *N. Y.*, 21.)

Although these cases seem to recognize the fact that, by virtue of their foreign appointment, they obtain the right to all the personal assets of the deceased, and hold substantially that the delivery of such assets will protect the party so delivering in a foreign state, yet the petitioner in this case is a foreign administrator, and presents himself as a suitor, asking for the intervention and authority of this court, by its order, to receive the assets now deposited in this office.   It is quite likely that this court would be protected if it voluntarily delivered such assets to the petitioner, and yet the petition seems to invoke a palpable departure from the well

settled rule established for wise reasons, which are not necessary to be repeated here. By virtue of his foreign appointment, he has no standing in this court, but in order to invoke its jurisdiction, must take out letters here.

This being the general rule, a general departure from it would produce great injustice to the rights of local creditors, and possibly to the beneficiaries themselves, as this court is not in possession of the facts in respect to the extent and sufficiency of the sureties furnished in California. A departure from the uniform practice in such a case would not only establish a dangerous precedent, but possibly jeopardize the estate in question.

For these reasons, I feel constrained to deny the prayer of the petition.

Ordered accordingly.