### HENTZ *v.* PHILLIPS *et al.*

*(Supreme Court, Special Term, New York County. May, 1889.)*

1. LIABILITIES OF HEIRS—ACTIONS BY CREDITORS—PLEADING.

The complaint in an action against the heirs of a deceased debtor alleged that decedent, a resident of Arkansas, died in that state; that his widow was duly appointed administratrix; that plaintiff's claim was proved under the laws of Arkansas, and partly paid; that no letters have been taken out in this state, (New York;) that all the assets of the estate have been exhausted except the proceeds of certain realty in New York city; that on the application of the widow, actual partition of said realty having theretofore been made, a sale of the infant heirs' portions was procured; that the widow afterwards, fraudulently withholding from the court that she was the administratrix, and that there were unpaid debts of the estate, procured an order directing payment to her out of the proceeds of the sale of a sum alleged to have been expended by her for the support of the infants, and providing for their future support; and prayed satisfaction of plaintiff's debt out of the proceeds of such sale. *Held*, under 2 Rev. St. N. Y. p. 453, § 32, providing that the heirs of a deceased debtor shall be liable to the extent of the realty descended to them, and section 33, providing that such liability shall not exist unless it shall appear that decedent left no personal assets in this state, or that the personal assets were insufficient, or that proceedings to collect the debt from the personal representatives, legatees, etc., of deceased were unsuccessful, that the averments are sufficient to support an action against the heirs.

2. SAME—SALE OF LAND—PARTIES.

Under Code Civil Proc. N. Y. § 2359, providing that the proceeds of the sale of an infant's realty "are deemed property of the same nature as the estate or interest sold until the infant arrives at full age," and 2 Rev. St. p. 474, § 47, providing that if the lands descended to the heir be not aliened before the suit is commenced, the debt shall be levied on the real estate so descended, and not otherwise, the debt must be satisfied out of the proceeds of the sale, and the custodian of the fund is a proper party to the action, and may be enjoined from disposing of it pending the litigation.

3. SAME—FOREIGN ADMINISTRATRIX.

The fund sought to be subjected to the debt not being assets of the estate, and as the widow as foreign administratrix could not institute proceedings to sell decedent's land in this state, (New York,) and as she is not liable for any alleged neglect for failure to take out letters here for that purpose, she is not a necessary party to the action.

Action by Henry Hentz against Robert Phillips and others. Defendants demur to the complaint.

*Chambers & Boughton,* for plaintiff.   *Edward C. Delevan,* for defendants.

PATTERSON, J. The matters to be considered in this case arise upon separate demurrers to the complaint, all presenting the same questions except that of the defendant Eliza E. Phillips, as administratrix, who interposes as an additional ground of demurrer that she cannot be sued in her representative capacity, she being a foreign administratrix. The complaint is somewhat peculiar. The first ground of the general demurrer is that several causes of action have been improperly joined, but an examination of the complaint shows that it was not the intention of the pleader to do more than set forth a statement of facts designed to constitute a single cause of action, and from which he claims the double relief of an adjudication establishing a lien upon or right to enforce a claim against a fund within the jurisdiction of the court, and also a direction requiring the custodian of that fund to apply it to the payment of the plaintiff's demand, and an injunction to prevent the removal of the fund from the jurisdiction of this court, so as to prevent being

abortive a decree establishing his right to that fund, should such a decree be rendered in his favor. It may be that some of the allegations of the complaint are unnecessary and irrelevant, but, treating them as surplusage, it is a good complaint if enough appears without reference to such immaterial averments to sustain a decree for any relief, (*Hale* v. *Bank,* 49 N. Y. 629; *Marie* v. *Garrison,* 83 N. Y. 21; *Pierson* v. *McCurdy,* 61 How. Pr. 134;) and this brings us to the inquiry embraced in another ground of the demurrers, viz.: Does the complaint state facts sufficient to constitute a cause of action ?

The general statement of the case as made by the complaint is that in 1874 one Theodore C. Phillips, a resident of the state of Arkansas, died in that state intestate; that at the time of his death he was debtor to certain parties resident in Missouri. The widow of decedent was appointed administratrix of his estate by competent authority, and in due course in the state of Arkansas. The claim of the creditors referred to was established in regular proceedings under the laws of the state of Arkansas, and by such proceedings that claim virtually became converted into a judgment. The administratrix, in 1882, paid a sum of money on account of the claim or judgment thus established, and a balance still remains unpaid. The legal title to the claim or judgment by certain mesne assignments is now vested in the plaintiff. Neither the administratrix nor any other person has taken out letters of administration in this state. "The administratrix has, in the course of administration, exhausted all the assets of said estate in the state of Arkansas, and in this state and elsewhere, except the proceeds of the real estate hereinafter" (in the complaint) mentioned. The complaint then goes on to recite that at the time of his death Theodore C. Phillips was seised of an undivided interest in certain realty in the city of New York; that by a decree in partition in 1882 the four children and heirs at law of said Phillips had allotted to them in common a specific portion of the land by actual partition. Three of said children were infants; the fourth appears to have been of age. Subsequently to the decree in partition the mother of the infant children made an application to this court for the sale of the infants' real estate, and in such proceedings a sale was directed and was made, and the avails thereof were deposited in a trust company. Thereafter, and in May, 1888, the mother of the infants, fraudulently withholding from the court the information that she was an administratrix, and that there were unpaid debts of the estate, presented a petition to this court, praying that from the moneys thus on deposit to the credit of the infants she might be allowed certain amounts for their support, and also that she might be reimbursed for moneys of her own that she had expended in their maintenance during several years prior to the date of the application, and in April, 1888, an order was made granting her petition, and directing payment as prayed for, and allowing future payments to be made during the infancy of the three children, at a certain yearly rate. Allegations of unfaithfulness in the discharge of her duties as administratrix are also contained in the complaint, but they are not material to the present discussion. The prayer of the complaint is that it may be decreed that the plaintiff have a lien on the moneys in the hands of the trust company to the extent of the indebtedness due him, and that such lien may be declared to be prior to the rights of any of the defendants; that the money held by the trust company may be paid over in satisfaction of plaintiff's debt, and for an accounting, an injunction in the mean time, and for other relief. The parties defendant to the action are Robert L. Phillips, (who is the adult heir at law,) the three infant heirs at law, the widow individually and as administratrix, and the trust company.

Looking through all these allegations of the complaint to ascertain what is the real object to be attained by this action, it is evident that it is to recover from the heirs at law, and out of the real estate of the decedent descended to

them, the amount of his debt; for there is no other theory upon which the plaintiff could seek a lien upon or payment out of this fund, which in the hands of the trust company represents and stands in lieu of real estate. It is, in substance and effect, so far as the heirs are concerned, such an action; but there is connected with that claim a set of circumstances showing so unusual a situation of the land out of which the claim, if established, must be satisfied, or its proceeds, that further relief is necessary to enable the plaintiff to reap the benefit of the right he asserts, if it is eventually established. I consider the suit, therefore, as one presenting a case for two different forms of relief, the one necessary to make effectual the other, but not as presenting different or inconsistent causes of action. The granting of plenary or partial relief as prayed for is within the power and jurisdiction of a court of equity; for the proper proceeding to charge an heir upon whom land has descended with the debt of his ancestor is, since the Revised Statutes, by bill in equity. The statute, in effect, so provides, and if the court has jurisdiction to that extent it has in its ordinary jurisdiction the power to grant such other and further necessary relief, either interlocutory or final, as would make its decree on the whole case effectual; and so, where circumstances are clearly presented, as in this case, showing that such further relief should be accorded, it will not be withheld. So far as the four defendants—the heirs at law—are concerned, the action against them being of the character referred to, the complaint must be examined to ascertain if there are allegations sufficient to support it in that aspect.. In the state of New York there is no other way to charge an heir at law with the debt of his ancestor than that pointed out by the statute, (*Platt* v. *Platt*, 105 N. Y. 497, 12 N. E. Rep. 22; *Selover* v. *Coe*, 63 N. Y. 438,) which must be strictly conformed to and pursued, (*Stilwell* v. *Swarthout*, 81 N. Y. 109,) and it is incumbent upon the plaintiff to show the facts and circumstances entitling him to maintain his action. This the statute in terms requires. I consider that this particular action is to be governed by the provisions of the Revised Statutes applicable to cases of this kind, (*Reed* v. *Lozier*, 48 Hun, 50,) and not by those of the Code of Civil Procedure, which differ in some important respects from the terms of the Revised Statutes. The statutory authority is contained in 2 Rev. St. p. 453, § 32, which provides that "the heirs of every person who shall have died intestate .* * * shall respectively be liable for the debts of such person arising by simple contract or by the specialty to the extent of the estate, interest, and right in the real estate which shall have descended to them from * * * such person." And section 33 provides that such heirs shall not be liable for such debts unless it shall appear either that the deceased left no personal assets within this state to be administered, or that the personal assets of the deceased were not sufficient to pay the same, or that after proceedings in the proper surrogate's court and at law the creditor has been unable to collect the debt or some part thereof from the personal representatives or next of kin or legatees of the deceased. Considering this as an action against heirs under the statute, the complaint, construed fairly, (and as the Code requires it to be construed,) shows that the necessary jurisdictional facts appear. The ninth paragraph of the complaint contains sufficient to meet one of the alternatives mentioned in section 33 of the statute, if that paragraph is read in connection with other averments of the complaint. It was clearly the intention of the pleader to set forth that there were not sufficient assets of the estate in the hands of the administratrix to pay the whole demand of the plaintiff, and, although it is stated in a somewhat vague and inartificial way, that is the real purport of the allegations of the complaint in that behalf. There is vagueness, but there is not legal insufficiency, and I think it clear on a careful reading of the complaint that the effect of the allegations is as I have construed them. The remedy for vagueness is not by demurrer, but by motion to make more definite and certain.

I think a cause of action is stated against the heirs, and it now remains to be considered whether as to the other parties defendant a cause of action is allowed. The second branch of relief sought is to apply the funds in the hands of the trust company to the payment of the plaintiff's claim, and the trust company is a proper party; but the question now arises, can such relief be granted at all? The claim is one against the heirs, and, if nothing but a personal judgment to be enforced by execution against the goods or general property of such heirs were authorized by the statute, there would be no ground upon which to seek the relief now referred to. But the Revised Statutes enact (2 Rev. St., Edm. Ed., p. 474, § 47) that if it appear that the lands, etc., descended to the heir be not aliened by such heir at the time of the commencement of the suit, the court shall decree that the debt be levied on such real estate so descended, and not otherwise; the evident intention of the statute being to subject the real estate to the lien and payment of the judgment when recovered, in case the land has not been aliened. That is the situation of this property, for, although the land had actually been sold under judicial proceedings, yet the proceeds remained as land, not by mere intendment, but by force of positive law, for section 2359 of the Code provides that the sale of an infant's real estate does not give any other or greater interest in the proceeds than he had in the land, and "those proceeds are deemed property of the same nature as the estate or interest sold, until the infant arrives at full age," etc. So that in this action it is incumbent on the court to direct that the plaintiff's debt be paid out of the proceeds. Now, those proceeds being so situated that they may be withdrawn from the jurisdiction of the court upon application by the mother and under the order providing for the future payments before referred to, and thus the plaintiff's rights defeated, because of the necessity which limits the enforcement of his judgment to a recourse to the proceeds as representing the land, the court has clearly power to prevent a failure of justice, and to hold the fund answerable to the claim, if the plaintiff's rights are finally established by decree, and to do this all parties holding or claiming the fund are proper, if not necessary, parties; and in this case that includes the four children of the intestate, the widow, individually, and the custodian of the fund. But there is no occasion whatever for the presence of the administratrix as a defendant in this action, and the demurrer interposed by her in her representative capacity must be sustained. She has no relation to the controversy whatever as administratrix. The fund in the hands of the trust company is not assets of the estate, and cannot be made so, for, as the law above referred to provides, the character of property is not changed by reason of the conversion of the land into money by the judicial sale. Nor could she, as foreign administratrix, have taken proceedings before the surrogate to sell lands to pay debts of the intestate; nor can she be held liable in this action for any alleged neglect to take out letters here, and realize upon the real estate for the purpose of paying such debts. As administratrix she cannot in any way interfere with the fund, nor do anything to remove it from the jurisdiction of the court, or put it beyond the reach of the plaintiff, should a decree be made in his favor. As foreign administratrix she can neither sue nor be sued as to claims and liabilities relating wholly to her representative capacity, as has been settled by a long line of adjudications in this state, the last of which is the case of *Johnson* v. *Wallis*, 112 N. Y. 230, 19 N. E. Rep. 653, the only exceptions to the general rule being that she would be liable upon her contracts made as administratrix within this state, or as to assets of the estate which she brought into the state. But, even if she were liable, she could not be held in this action, for it is, as before said, merely an action against heirs, and in such actions the personal representatives and next of kin cannot be joined as parties defendant; the very nature of the action forbids such course being pursued.

The demurrer of the defendant Phillips, as administratrix, is sustained,

and judgment dismissing the complaint as to her is directed, with costs. The demurrers of the other defendants are overruled, with one bill of costs, and with liberty to such defendants to withdraw their demurrers on payment of costs, and answer the complaint within 20 days from the service of notice of entry of the order to be made hereon.