although not at that time known to him. Suppose that the plaintiff had, without the knowledge of the defendant, accepted Webb's note. There would be little doubt that such act would be a ratification. It would have extended Webb's time in which to pay, and would have waived any action which he might have against the latter in tort. He actually endeavored to collect, and waived no right of action. It seems to me that the latter course is fully as effective as a ratification as the former would have been. Schanz v. Martin, 37 Misc. Rep. 492, 75 N. Y. Supp. 997.

The plaintiff had two courses to pursue upon receipt of defendant's letter of January 7th—either to repudiate the transaction, or accept it. He could not do both. The entire correspondence with Webb shows that he abandoned the claim against the defendant and resorted to Webb. See Towle v. Stevenson, 1 Johns. Cas. 110.

It may be claimed that the question of ratification is one of fact, and is put at rest by the decision of the trial court. Prior to the act of 1900 (Laws 1900, c. 337), amending the act creating a Municipal Court in Syracuse (Laws 1892, c. 342) the provisions relating to appeals from Justice's Court for new trials were applicable to that court. This right was abolished, and a provision was inserted that, on an appeal from a judgment rendered upon a trial without a jury, an appeal may be taken upon the facts as well as the law. See Laws of 1906, c. 520, § 32. It would seem that this provision intended to enlarge the scope of this court in reviewing the facts upon a trial had before a judge of that court. Otherwise the provision is meaningless, as this court already possesses power (when the question is properly presented), under the provisions of section 3063 of the Code of Civil Procedure, to set aside a judgment, if contrary to or against the weight of evidence. And it is to be noted that in this case the facts are undisputed. See Mechem, Agency, § 135.

Judgment reversed, with costs to abide the event; a new trial to be had before the same judge, at a time to be fixed in the order; and the costs of this appeal to be inserted in any subsequent judgment rendered in the Municipal Court.

Judgment reversed, and new trial ordered, with costs to abide event.

(73 Misc. Rep. 146.)

### In re McSHANE'S WILL.

#### (Surrogate's Court, New York County. July, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 518*)—ANCILLARY ADMINISTRATION—RIGHT TO APPOINTMENT—STATUTORY PROVISION.

　　Under Code Civ. Proc. § 2697, as amended by Laws 1881, c. 535, authorizing the issuance of ancillary letters of administration to a person not named in the foreign letters, but who is otherwise entitled to the possession of the personal property of the decedent or to his delegate or nominee, the right of the surrogate to issue ancillary letters is confined to the cases specified.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. § 518.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 128*)—POSSESSION AND MANAGEMENT
OF ESTATE.

An administrator with the will annexed of a testatrix who is an exec-
utrix does not become entitled to the possession of the property of her
testator, but the right to such possession passes to his legal representa-
tive.

[Ed. Note.—For other cases, see Executors and Administrators, Dec.
Dig. § 128.*]

3. EXECUTORS AND ADMINISTRATORS (§ 518*)—ANCILLARY ADMINISTRATION—
RIGHT TO APPOINTMENT.

An administrator with the will annexed appointed in Massachusetts,
whose testatrix was the executrix and sole legatee of a will probated in
Ireland, is not entitled to ancillary letters under the Irish will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 2299-2309; Dec. Dig. § 518.*]

Application for ancillary letters of administration with the will
annexed of John McShane, deceased.  Denied.

Howland, Murray & Prentice, for petitioner.

FOWLER, S.  [1]  Prior to the amendment to section 2697 of the
Code of Civil Procedure, it was decided by the surrogate of Kings
county in Matter of Estate of Catherine Wise, Deceased, 2 Civ. Proc.
R. 230, the court construing that section in connection with section
2695 of the Code of Civil Procedure, that the residuary legatee of a
foreign will was entitled to ancillary letters of administration with
the will annexed thereon; the sole executor being dead.  Section
2697 was amended by chapter 535 of the Laws of 1881 by adding a
provision authorizing the issuance of ancillary letters to a person not
named in the foreign letters, but who was otherwise entitled to the
possession of the personal property of the decedent, or to his delegate
or nominee.  Since this amendment there can be no doubt that the
right of the surrogate to issue ancillary letters upon a will is con-
fined to the cases specified in section 2697.  See Baldwin v. Rice,
100 App. Div. 241, 89 N. Y. Supp. 738, 91 N. Y. Supp. 1086, af-
firmed 183 N. Y. 55, 75 N. E. 1096.

[2, 3]  The testator upon whose will the ancillary letters are here
sought was a resident of Ireland, where his will was admitted to
probate.  The applicant for the ancillary letters thereon is the ad-
ministrator with the will annexed of the executrix of the will of the
testator, and sole legatee thereunder, appointed in the state of Mas-
sachusetts, where his testatrix resided and her will was admitted to
probate.  As such ancillary administrator he bases his claim to ancil-
lary letters upon the contention that, under the circumstances, he is
to be regarded as a person who, within the meaning of section 2697,
is entitled to the possession of the personal property of the decedent.
Neither under our laws nor those of the domicile of the decedent can
the applicant by any stretch of reason be regarded as entitled to the
possession of such property.  He is simply entitled to the possession
of the property of his testatrix, and does not by reason of the inter-
est she had in the property of her testator become entitled to the pos-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

session of his property or that left by him. Such possession belongs to his legal representative. Had the fund deposited here by the executrix in her name as executrix been deposited in a bank in Ireland in the same way and under the same form, could the applicant, as administrator of her will probated in Massachusetts, by reason of the fact that she was the executrix or sole legatee under the will of decedent, be deemed the person entitled to the possession of his personal property and so be able to maintain a successful suit in an Irish court for the recovery of the funds deposited? Surely not. The provision on which the petitioner relies was evidently incorporated into section 2697 for the purpose of meeting the cases where, under the laws of the domicile of the testator, no letters testamentary or of administration cum testamento annexo are issued, but the right of possession of the personal estate passes directly to the legatees or beneficiaries under the will.

While I should gladly have reached another conclusion in order to save the applicant further trouble, I am, after careful consideration, constrained to deny the application.

Application denied.

(73 Misc. Rep. 170.)

### In re DOBSON'S ESTATE.

#### (Surrogate's Court, Oneida County. July, 1911.)

TAXATION (§ 879*)—INHERITANCE TAXES—TRANSFERS SUBJECT TO TAX.

Where one conveyed to her cousin the principal part of her estate, upon the latter's promise to give her certain care and to execute to her free of rent a lease for life of the property conveyed, which lease was executed at the time of the conveyance, and the circumstances of the transaction indicated an intention that the disposition of the property should not take effect till after the grantor's death, the transfer will be held taxable at her death.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

In the matter of the estate of Helena L. Dobson, deceased. Appeal from the report of the transfer tax appraiser, this appeal is taken. Report confirmed.

Colgrove & Baker, for Imogene E. Thomas, one of the executors.
Jones, Townsend & Rudd, for Mary Agnes Young, as administratrix of the estate of William A. Young, deceased.
E. F. Jordan, for State Comptroller.

SEXTON, S. This is an appeal taken by Imogene E. Thomas, one of the executors of the estate of Helena L. Dobson, and also by Mary Agnes Young, as administratrix of the estate of William A. Young, deceased, from the report of the transfer tax appraiser.

On December 30, 1910, an order was signed by the surrogate assessing a tax of $3,953.60 against the estate of Helena L. Dobson, and this appeal is taken from so much thereof as levies an assessment of $3,786 upon the transfer of property of the agreed value of