1. EXECUTORS AND ADMINISTRATORS ☞518—ANCILLARY ADMINISTRATION—STATUTE.

Where testator executed his will in Peru, where he resided at his death, by direct provision of Code Civ. Proc. § 2631, here ancillary letters of administration with the will annexed were to be directed to the person entitled to the possession of the personalty of the decedent in Peru, unless another applied therefor, filing with his petition an instrument by the persons entitled to possession in Peru authorizing the petitioner to receive ancillary letters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. ☞518.]

2. EXECUTORS AND ADMINISTRATORS ⬤⟶518—ANCILLARY ADMINISTRATION—
FOREIGN TESTATOR'S ESTATE.
   On application for ancillary letters of administration with the will annexed of a testator resident in Peru at his death, competent proof was to be furnished of the laws of Peru, from which the authority of the persons entitled to possession of the estate in Peru was derived, since the written authority of such persons to the person applying here for letters was necessary to his appointment.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. ⬤⟶518.]

3. EXECUTORS AND ADMINISTRATORS ⬤⟶518—ANCILLARY ADMINISTRATION—
WHAT LAW GOVERNS.
   The law of the domicile of the testator governs an application for ancillary letters of administration with the will annexed, where the estate is composed of personalty.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. ⬤⟶518.]

In the matter of the estate of Stanhope Prevost. Application for ancillary letters of administration with the will annexed. Denied.

Lloyd & Maddox, of New York City, for petitioner.

FOWLER, S. This is an application for ancillary letters of administration with the will annexed.

[1] It appears that the will was established in Peru, where it was executed, and where the testator resided at the time of his death. Section 2629, Code of Civil Procedure. As no letters were issued in Peru, the ancillary letters must be directed to the person entitled to the possession of the personal property of the decedent in that country, unless another person applies therefor and files with his petition an instrument executed by the person so entitled, authorizing the petitioner to receive such ancillary letters. Section 2631.

[2] The petition does not clearly set forth who is or who are entitled at this time to the possession of the personal property of the testator in Peru. The powers of attorney, copies of which are submitted, are not given to the petitioner, but to another person. Competent proof must be furnished of the laws of Peru, from which the authority of the persons entitled to the possession of the estate in Peru is derived.

[3] As this application relates to personal property, the law of the domicile of the testator governs. In Matter of McShane, 73 Misc. Rep. 146, 132 N. Y. Supp. 470, it was stated that the right of the surrogate to issue ancillary letters upon a will is confined to the very cases specified in the statute.

Application denied, without prejudice to a renewal of the same. ·

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes