Vermilya v. Beatty.

—————— ◆◆ ——————

SAME TERM.   *Before the same Justices.*

VERMILYA *vs.* BEATTY, executrix of White.

In a suit brought against the defendant as executrix, she pleaded in bar, *ne unques executrix;* the plaintiff replied 'that the defendant had been, and was, executrix, and that she had administered divers goods and chattels of the deceased, as such executrix, *"to wit: at M. in the state of F.,*that is to say, at the city and in the county of New York." *Held,* on demurrer, that the replication was bad; and that the defendant could not be sued in a court of law in this state, by reason of her being a foreign executrix, or by reason of her having administered, in another state, any of the goods and chattels of the deceased.

It is a general rule of pleading, that if the matters alledged are local in their nature, the truth of the venue is material and of the substance of the issue. And if in such a case, it appears upon the face of the pleading that the venue is untrue, it is a defect which may be taken advantage of by demurrer.

DEMURRER to replication.   The facts are recited in the opinion of the court.

*A. S. Garr,* for the plaintiff.

*G. M. Ogden,* for the defendant.

*By the Court,* EDWARDS, J.   This suit is brought against the defendant as executrix of the last will and testament of Joseph M. White, deceased; and she is so described in the declaration.   The defendant sets up as a plea in bar, that she never was such executrix, and that she never administered

any of the goods and chattels of the deceased, as his executrix. To this plea the plaintiff replies that at the time of the commencement of this suit the defendant was, and from thence hitherto has been, and still is executrix, and that she has administered divers goods and chattels of the deceased as such executrix, *to wit, at Monticello in the state, late* territory of *Florida*, that is to say at the city and in the county of New-York. The defendant demurs to this replication, and alledges as a cause of demurrer, that the defendant can not be impleaded or sued here, by reason of her being a foreign executrix of the last will and testament of the deceased, or by reason of her having administered out of this state, any of the goods and chattels which were of the deceased at the time of his death.

The first ground which is taken by the counsel for the plaintiff in support of his replication is, that it does not contain the averment that the defendant was and now is a foreign executrix. In this view, we think that he is mistaken. The defendant's plea is general, and alledges that she never was executrix, &c. The replication states that at the time of the commencement of this suit she was, and that she now is, executrix, &c. to wit, in the state of Florida. If this allegation was intended as the statement of a place by way of venue, the replication is clearly demurrable. The laying the venue of the matters or facts alledged, is done only for the purpose of fixing their locality, in order to bring them within the jurisdiction of the court in which the suit is brought. Here, however, the place alledged is out of the jurisdiction of this court; which would be a fatal defect. If, on the other hand, the allegation was intended as the statement of the place where the defendant was made executrix, *as it* undoubtedly was; and if, as we shall assume for the present, a foreign executrix can not be sued in this state, the replication is equally defective; and it is not helped by the subsequent words by which the venue is laid within the city and county of New-York. For, as the matters alledged are local in their character, and as they occurred within a foreign jurisdiction, the venue can not be laid here. It is a general rule of pleading that if the matters alledged are local in their nature,

the truth of the venue is material, and of the substance of the issue. (*Steph. Pl.* 288.)   And if in such a case it appears upon the face of the pleading that the venue is untrue, it is a defect which may be taken advantage of by demurrer. (*Rightmyer* v. *Raymond,* 12 *Wend.* 51 ; *Morgan* v. *Lyon, Id.* 265.)

But it is contended on the part of the plaintiff that, even if the defendant is a foreign executrix, she can be sued in this state.

Judge Story lays down the general rule, that no suit can be brought or maintained by an executor or administrator, or against any executor or administrator, in his official capacity, in the courts of any other country except that from which he derives his authority to act in virtue of the probate, and letters testamentary or the letters of administration there granted to him.   And he cites several English and American authorities in support of the rule as laid down. (*Story's Conflict of Laws,* § 513.   *Bond* v. *Graham,* 1 *Hare's R.* 482.   *Vaughan* v. *Northrop,* 15 *Pet.* 1.   *Prine* v. *Derihurst,* 4 *Mylne & Craig,* 76, 80.)   But it is contended on the part of the plaintiff, that there are two decisions in this state, which establish a different principle.   In the case of *Campbell* v. *Tousey,* (7 *Cowen,* 64,) the defendant, who was sued as executor, had taken out letters testamentary in the state of Pennsylvania, and had brought assets belonging to the estate of the testator into this state.   One of the pleas put in by him was *ne unques executor.*   To this plea there was a replication that the defendant was executor.   The court held that he was liable for the assets which he was shown to have in his possession in this state, as an executor *de son tort.*   It will be observed that he was held liable here not as a foreign executor, but as an executor in this state ; not, it is true, by virtue of letters testamentary granted here, but by reason of his acts in this state ; that is, by assuming the right to control the assets of the testator in this state as executor ; or, as it is expressed in the decision, he became liable as an executor *de son tort*—an office which no longer exists here.

In the case of *McNamara* v. *Dwyer,* (7 *Paige,* 239,) the defendant had been appointed administrator in Ireland, and

had possessed himself of a large estate of the decedent, which he had converted into money, and brought into this state.   The chancellor held that a court of equity here had jurisdiction to compel him to account for such funds.   Whether this decision was in contravention of previous adjudications, as Judge Story seems to consider it, (*Story's Confl. of Laws, p.* 413, *note* 7,) it is not necessary to inquire.   It is sufficient, as far as the case before us is concerned, that it does not sustain the principle contended for by the plaintiff.   The chancellor in giving his opinion regards the administrator having assets in his hands unadministered, as a trustee for the creditors and next of kin of the decedent.   And although he lays down the rule that in such a case the foreign administrator can be called to account in this state, he adds, that he has some doubt whether he ought to be called to account therefor in a court of law.

In the case before us it is not alledged that the defendant has ever been in possession of any of the assets of the testator within this state ; and even if it had been so alledged, she could not be made liable in a court of law.

The defendant is entitled to judgment, with leave to the plaintiff to amend on the usual terms.

———————— ◇ ————————

Same Term.    *Before the same Justices.*