Gulick *v.* Gulick.

riers, or should have admitted in part and denied as to the residue.

Where it is apparent that an immaterial issue is raised, I think the paragraph should be stricken out.

With this exception, I concur in the proposed modification of the order appealed from.

Order appealed from, modified.

[NEW YORK GENERAL TERM, November 17, 1860. *Bonney, Hogeboom* and *Ingraham,* Justices.]

---

JAMES C. GULICK, adm'r &c., *vs.* ELLEN P. GULICK and MILLICENT F. GULICK.

An administratrix, appointed in another state, receiving property belonging to the estate there, and bringing the same with her into this state and having the same in her possession here, as such administratrix, is liable to be sued here, by a creditor of the estate, and is *prima facie* liable to the extent of the assets shown to be in her possession in this state.

To such a suit, any person having or claiming any interest or right in the property in the possession of the administratrix, is a proper party.

THE complaint in this action states that in 1851 and 1852 John C. Gulick and Richard M. Gulick resided in California, and that John became indebted to Richard in the sum of $2300. That in April, 1852, Richard died, in California, intestate, and John took possession of his personal property, and converted the same into money, to the amount of $2000. That in March, 1855, John died, at Honolulu, Sandwich Islands, intestate, leaving surviving the defendants Ellen P. Gulick, his widow, and Millicent F. Gulick, his only child and next of kin; and leaving personal property to the amount of $15,000 or $20,000. That the widow, Ellen P. Gulick, was appointed, in California, administratrix of said John, and that she and said Millicent, at some place beyond the

Gulick v. Gulick.

jurisdiction of this state, obtained possession of his said property, and said Ellen P. has brought the same here and now has it in her possession in New York, and within the jurisdiction of this court; and that said Millicent claims some interest therein. That the plaintiff has been duly appointed by the surrogate of New York administrator, &c. of said Richard; and he demands judgment that the defendants account and pay to the plaintiff the amount of said indebtedness of John to Richard, and also the avails of the personal property belonging to the estate of Richard which John so received and converted.

The defendants separately demurred to the complaint, and the court, at special term, gave judgment for the plaintiff, on the demurrers. The defendants appealed from the judgment.

*Nelson Smith,* for the appellants. I. The plaintiff has improperly united in his complaint a cause of action arising on contract with one arising out of a tort. These causes of action could not have been joined before the code, (*Martin* v. *Mayor of Broolyn,* 1 *Hill,* 545; *Pell* v. *Lovett,* 19 *Wend.* 546;) and cannot now. (*Code,* § 167.)

II. As a suit in equity for an account and administration of the assets of James C. Gulick, deceased, there is a defect of parties. (1.) The deceased's personal representative should have been made a party defendant. (*Humphrey* v. *Humphrey,* 3 *P. Wms.* 349.) The California letters of administration to Mrs. Gulick do not help the plaintiff. (*Story's Eq. Pl.* § 179.) The courts of this state will take no notice of foreign administration. (*Doolittle* v. *Lewis,* 7 *John. Ch.* 47. *Bond* v. *Graham,* 1 *Hare,* 482. *Vermilya* v. *Beatty,* 6 *Barb.* 431. *Vaughan* v. *Northrup,* 15 *Peters,* 1.) (2.) The other creditors of the deceased should have been plaintiffs, or the action brought in behalf of the plaintiff, and all such other creditors.

III. The complaint does not state facts sufficient to con-
stitute a cause of action against either defendant, or to give
the court jurisdiction.    (1.) If the action be founded on the
statute, as a suit against next of kin, (2 *R. S.*, 451, §§ 23,
24,) the complaint is bad, for that it does not show that any
assets had been paid or distributed to the defendants by the
administrator of John C. Gulick, deceased.    (2.) Richard M.
Gulick was domiciled in California at the time of his death,
that is the place of principal administration of his estate.
(*Churchill* v. *Prescott*, 3 *Bradf. Rep.* 233.    *Fay* v. *Haven*,
3 *Metc.* 114.)   The administration on his estate here is an-
cillary or subordinate to the administration had or which may
be had in California.    (*Churchill* v. *Prescott, Id.*)    An an-
cillary administrator, in respect to his right to compel an
accounting, is limited to the assets which are in the state at
the time of the death of his intestate.    He cannot assert any
claim to property received by a foreign administrator, although
such property had been brought in this state.    (*Story's
Conflt. of Laws*, §§ 514, 515.    *Curry* v. *Buckam*, 1 *Dowl.
& Ryl.* 35.    *Jauncey* v. *Sealey*, 1 *Vern.* 397.    *Fay* v. *Haven*,
3 *Metc.* 109.)    Neither can a creditor, through the instru-
mentality of an ancillary administration, compel an account
of assets received abroad.    (*Fay* v. *Haven, Id.* 114.) (2.) The
defendant Ellen P. Gulick, as foreign administratrix, is not
suable here.    No action can be maintained against any ad-
ministrator in his official capacity, in the courts of any
country except that from which he derives his authority to
act, in virtue of the letters of administration granted to him.
(*Vaughan* v. *Northrop*, 15 *Peters*, 1.    *Bond* v. *Graham*, 1
*Hare*, 482.    *Bell* v. *Tyler*, 2 *Myl. & Cr.* 89.    *Vermilyea* v.
*Beatty*, 6 *Barb.* 431.    *Fay* v. *Haven*, 3 *Metc.* 114, 115.)    In
*Vaughan* v. *Northrop*, (*supra*,) a bill was filed on the equity
side of the circuit court of the district of Columbia, in favor
of the next of kin of James Moody, deceased, who was
domiciled in Kentucky at the time of his death, against
Northrop, Moody's administrator, appointed in Kentucky.

Gulick v. Gulick.

The bill alleged that Northrop, as administrator, had received money from the general government at Washington, and prayed an account and distribution.  Northrop pleaded to the jurisdiction of the court, upon the ground that he was only responsible to the court in Kentucky.  The district court, on the argument of that plea, dismissed the bill, and on appeal to the supreme court of the United States, the judgment of the district court was unanimously affirmed.  The case is precisely in point, and the question being one which may occasion a conflict of laws between the different states, and the decision being of the highest federal court, should be followed.  In *Fay* v. *Haven*, (3 *Metc.* 109,) the action was on a bond given to the plaintiff as judge of probate for the county of Middlesex.  The facts were, that Samuel Livermore died domiciled in New Orleans.  Haven was one of the executors under his will, duly authorized as such to act under the laws of Louisiana.  That on his application he was appointed administrator of Livermore in Massachusetts by Fay, a judge of probate, and gave the bond.  Livermore had creditors in Massachusetts, and the action on the bond was to compel Haven, as administrator in Massachusetts, to account for property which he had received as executor of Livermore in New Orleans, and the court held he was not liable.  The case is in point.  Haven was a foreign executor as respected the assets of Livermore received in New Orleans.  The creditors of Livermore were endeavoring to compel him to account in Massachusetts, and were defeated. While, in this case, Mrs. Gulick is a foreign administratrix, and the plaintiff, a creditor, is endeavoring to compel her to account here for property collected abroad.  The only difference is, the plaintiff, here, standing in the shoes of his intestate, is a foreign creditor, without offering any apology to the court for not applying for relief in California, where all parties resided ; whereas in Haven's case the creditors were resident in Massachusetts.  In *Vermilya* v. *Beatty*, (6 *Barb.* 431,) it was held that a foreign administrator was not suable

at law in the courts of this state. *Campbell* v. *Tousey*, (7 *Cowen*, 64,) was considered and decided not to be law. And there is no decision or dictum in this state in favor of the jurisdiction now asserted, except *McNamara* v. *Dwyer*, (7 *Paige*, 239.) That was a very special case, where, to prevent a failure of justice, and of absolute necessity, the chancellor asserted jurisdiction. There the executor had withdrawn himself and the estate from the jurisdiction of the foreign tribunal, and had squandered and misapplied the trust estate ; but that case disclaims jurisdiction to compel a foreign administrator to account when he is amenable to the courts of his own country. The subsequent case of *Brown* v. *Brown*, (1 *Barb. Ch.* 189, 195, 217,) clearly shows that the jurisdiction will not be asserted, except in very extreme cases — cases in which no remedy exists elsewhere. Even applying the cases of *McNamara* v. *Dwyer*, and *Brown* v. *Brown* to this suit, the plaintiff's complaint is entirely devoid of equity. He does not show that he or his intestate's home administrator has ever presented the claim to Mrs. Gulick in California, or that any effort has been made there to obtain relief, or that Mrs. Gulick does not reside there, or that she or her sureties are insolvent, or that she has wasted or misapplied the estate of her intestate, nor any other fact to show any grounds for the interference of this court.

IV. Account will not lie against an infant. (2 *Greenl. Ev.* § 35. *Harker* v. *Whittaker*, 5 *Watts*, 474.) Nor against a wrongdoer. (2 *Greenl.* § 35. Nor against an *executor de son tort*. (3 *Metc.* 115. 6 *Barb.* 230.) Nor in any case where there is no privity of contract or of law. The order appealed from should be reversed, and judgment rendered for the defendants on the demurrers, with costs.

*J. W. Edmonds* and *H. D. Van Orden*, for the plaintiff. The indebtedness of John C. Gulick to the intestate, the grant of administration to the plaintiff, and the fact that the defendants have in their possession, in this state, property of the

Gulick v. Gulick.

debtor are admitted, and the main question presented by the demurrer is whether our tribunals can reach that property so as to enforce the payment of the debt.

I. If it cannot be reached in this action then it can be reached in no way, and though the debtor, when he died left abundant means to pay his debts, there is no means of enforcing the payment. (1.) Payment cannot be enforced in California, because neither defendants nor property are there, and both defendants and property being in this state, payment of the debts can be enforced nowhere but here. (2.) One great merit of the common law is its elasticity, and under it the power of reaching wrongs and applying remedies in all cases. *Boni judicis est ampliare justitiam—id est jurisdictionem.* (*Per Ld. Mansfield,* 1 *Burr.* 304.) *Ubi jus ibi remedium.* (*Johnson* v. *Sutton,* 1 *T. R.* 512. *Per Lord Holt* in *Ashby* v. *White,* 2 *Ld. Raym.* 953. 1 *Smith's Lead Cases,* 130, *Hare & Wallace's* 5th *Am. ed. p.* 360. *See Gale's ed. of Ld. Raym.* 597.)

II. Acting upon this principle the courts at an early day, though the rule was that a foreign administrator could not be recognized in them, adopted the practice of making him liable in our courts for property which he brings within our territory. (1.) It is in fact a proceeding *in rem,* kindred to foreign attachment. (2.) The principle of this remedy was adopted as long ago as about 1600, in the following words : "If the executor have goods in any part of the world he shall be charged in respect of them. For many merchants and other men, who have stock and goods of great value beyond sea are indebted here in England, and God forbid that those goods should not be liable to their debts, for otherwise there would be great defect in the law." (*Dowdale's case,* 6 *Co. R.* 47, *per Ld. Coke.* (3.) It has been received and sanctioned in this state and is the unquestioned law here, however much it may be questioned in other states. *Campbell* v. *Tousey,* (7 *Cowen* 74) in our supreme court. *McNamara* v. *Dwyer,* (7 *Paige* 239,) in our court of chancery, where it

was carried so far as to hold the party to bail on *ne exeat.* So also in Pennsylvania. (*Willing* v. *Perot*, 5 *Rawle*, 264. 4 *Serg. & R.* 389. 9 *id.* 252.) And in Virginia. (11 *Leigh's R.* 1, 36.) (4.) In the case of Campbell and Tousey, the party was sued as executor *de son tort,* but the fact that such executorships are abolished with us makes no difference. Our revised statutes have provided a direct action like this as a substitute. (2 *R. S.* 449, § 17. *Id.* 451, § 23.) Thus the principle is not disturbed, though the form of the remedy is changed. But our court of chancery held the party liable in that court, without charging him *de son tort,* and this action is the equity remedy, and precisely that suggested by the chancellor. (*McNamara* v. *Dwyer,* 7 *Paige* 243.)

III. It is now a prevailing principle that foreign administration will be so far recognized as to give our courts jurisdiction, where the *situs rei* and the presence of the parties unite. And distribution will be decreed in the *situs rei,* though it is according to the rule of the *lex domicilii.* 2 *Kent's Com.* 433, where it is said " such a jurisdiction is sustained by principles of public law, and is consistent with national policy." (*Harvey* v. *Richards,* 1 *Mason,* 403.)

IV. And when assets of a foreign intestate are found here, it is a matter of option with our courts whether they will order distribution here or cause the funds to be remitted abroad. (1.) In such case, if there are creditors here, our courts here will order distribution here to the extent of paying their debts, and not compel creditors here to go abroad for their pay. (*Dawes* v. *Head,* 3 *Pick.* 123.) (2.) This grows out of the principle that it is the duty of every government to protect its own citizens in the recovery of their debts. (3.) In the case of a solvent estate this is always done, but where the estate is insolvent it is merely a question of national comity whether creditors residing here shall be first taken care of, or the assets be sent abroad for general distribution. (*See Mothland* v. *Wiseman,* 3 *Penn. R.* 185.) (4.) It is on the same principle that obtains in our courts in

Gulick *v.* Gulick.

cases of ancillary administration here on a foreign intestate's estate, when creditors here are taken care of, and the surplus only sent abroad. (2 *Kent's Com.* 5th ed. 434, note. *Miller's Est.* 3 *Rawle,* 312. *Porter* v. *Heydock,* 6 *Verm. R.* 374. *Fay* v. *Haven,* 3 *Metc.* 109. *Cummings* v. *Banks,* 2 *Barb. S. C. R.* 607.)

V. Accordingly, the principle has been incorporated into our statute. (1.) The surrogate has power to grant administration, where an intestate not being an inhabitant of this state shall die out of the state, not leaving assets therein, but assets of such intestate shall thereafter come into the county of such surrogate. (2 *R. S.* 73, § 23.) (2.) Thus the whole assets coming into this state are made subject to our law. (3.) Where administration is thus granted of such property, the duty of the administrator is, 1st. To make an inventory of all the assets. (2 *R. S.* 82, § 2.) 2d. To get the assets into his possession, and for that purpose all persons having them in their possession are to account for them. Not, as of old, to creditors, as executors *de son tort,* but to the administrator. (2 *R. S.* 81., § 60 ; 449, § 17.) (4.) These enactments have incorporated into our law the principle, that domestic creditors shall not be driven abroad to get their pay when there are assets here, no matter in whose hands they may be, and it is that principle which we invoke in this case. (5.) And so far as our suit is an effort to get possession of the assets of our intestate which came into the possession of the defendant's intestate, these provisions of our statutes are strictly applicable and are strictly followed. (6.) So that whether our action be regarded as an attempt to coerce the payment of a debt, or an attempt to obtain possession of our intestate's estate, there is enough to maintain the action.

VI. The defendant, as the representative of the estate of John C. Gulick, having come into this state, and brought here that estate, and there being creditors, it was her duty here to take out administration, in order to afford those creditors their remedy. (1.) Letters taken out by her here would

be the only title she could have here to hold the property. (2.) And bringing the property here charged with the trust of paying the debts, she is properly chargeable here as such trustee. (*Bond* v. *Graham*, 1 *Hare*, 483.  *Logan* v. *Fairlie*, 1 *Myl. & Cr.* 59.  *Cummings* v. *Banks*, 2 *Barb. S. C. R.* 607.)  (3.) And she cannot divest herself of that trust by willfully omitting to put it in the legal form of administration.  (4.) We are not thus to be deprived of our rights by her omission of duty.  (*Ubi jus, ibi remedium.  Story on Confl. of Laws,* § 512, *et inde.*)

VII.  All that it will be necessary for us to prove, to maintain our action, is, that the defendant possessed herself of the assets, and she can discharge herself only by proving *plene administravit,* or *ne unques executor.  Anderson* v. *Caunter* (2 *Myl. & Keene,* 763) was a case almost on all fours with ours.  Caunter and Clubley took out letters in India on the estate of Carnegy.  Clubley died, and his wife administered in India on his estate, and became possessed of his assets there.  She was a party to this suit in England by Carnegy's residuary legatees, and the court held it could be maintained against her, not for the purposes of general administration, but only to require her to account for what she had received as his executrix, and charge her with the balance, she being accountable there as executrix of an executor for what the executor had received.

· VIII.  The result of all these cases and principles is, that whether foreign administration shall be recognized among us, being matter of comity, and not obligation; so in all cases of foreign intestacy, we so exercise the duty of comity as first to protect our own citizens in respect to property actually within our limits and subject to our jurisdiction.  (*Dawes* v. *Head,* 3 *Pick. R.* 128.)  And we do not permit a foreign jurisdiction to withdraw property within our control from its obligation to pay debts owing to our citizens.  (*Story on Confl. of Laws,* § 514.)

The defendants separately demurred to the complaint, and

the court, at special term, gave judgment for the plaintiff, on the demurrers. The defendants appealed from the judgment.

*By the Court,* BONNEY, J. We see no cause to question the correctness of this judgment. The surrogate of New York, upon the facts stated in the complaint, clearly had power to grant letters of administration upon the estate of Richard M. Gulick in this state, and the plaintiff, as such administrator, is the proper representative of that estate, and authorized to prosecute any action for its benefit. (3 *R. S.* 5th ed. 158, § 23.)

The counsel for the appellants strenuously insists that the facts stated constitute no cause of action against either of the defendants, of which this court can take jurisdiction. The alleged cause of action is an indebtedness of the estate of John Gulick to the estate of Richard Gulick. For such a cause doubtless an action may be maintained in this court if the parties are properly subject to its jurisdiction. The plaintiff is the proper representative in this state of the estate of Richard, and there can be no doubt of his right to sue here. The defendant Ellen P. Gulick is within the jurisdiction of the court, appears in the action, and has here in her possession the property out of which the plaintiff claimed this indebtedness should be satisfied. *Prima facie* she is subject to the jurisdiction of the court.

But it is said the defendant Ellen P., as also appears from the complaint, was appointed administratrix of the estate of John Gulick in the state of California, and there received the property of that estate which she has brought with her, and now has in her possession as such administratrix, in New York, and that for any claim against the estate of her intestate, no action or proceeding can be taken or maintained against her out of California, where only she can be required to account or answer as such administratrix. Can this position be maintained?

The case of *Campbell, adm'r &c.* v. *Tousey, ex'r &c.*

(7 *Cowen*, 64,) was an action for money lent to the defendant's testator. At the trial it appeared that said testator resided and died in Pennsylvania, and the defendant there took out letters testamentary and qualified as executor : that as such executor he received in Pennsylvania $700 of assets, which he brought to this state, and that he here received further assets. The judge at the circuit charged that the defendant was liable for all the assets which he still retained in his hands, or which he had expended or disposed of in this state otherwise than in the due course of administration; whether they were received in this state or originally received in Pennsylvania, and thence brought to this state. On motion by the defendant for a new trial, the court held that there was no error in this charge. That, if a foreign executor is liable to be sued here, of which there could be no question, he must from the very nature of the case, *prima facie*, be responsible for the assets which are shown to have been in his possession within this state, no matter where they may have been received. And in the opinion it is said this is the only way in which an executor, under such circumstances, can be reached. This decision, and the reasons given for it, apply emphatically to the principal case now before us and are decisive of it, unless they have been overruled, or the law has been since changed by statutory enactment.

The case of *McNamara* v. *Dwyer*, (7 *Paige*, 239,) expressly approves the doctrine of the case in *Cowen*, and was decided in conformity therewith ; and the case of *Brown* v. *Brown*, (1 *Barb. Ch. R.* 189,) recognizes the same doctrine as settled law. We have been referred to no case in our own courts which overrules or questions the decisions above mentioned ; and the cases cited from the reports of other states, or of the English courts, even if directly conflicting, (which we do not understand them to be,) are not authority for disregarding those decisions, in conformity with which the demurrer of the principal defendant was overruled.

The complaint states that Millicent F. Gulick has, or

claims, some interest or right in the property which the plaintiff alleges to be in the possession of the defendant, and seeks to have applied to the payment of the debt for which this action is brought; and, if the action can be maintained against the other defendant, the said Millicent is a proper party, under section 118 of the code.

The order made at special term must be affirmed, with ten dollars costs.

[NEW YORK GENERAL TERM, November 7, 1860. *Sutherland, Ingraham* and *Bonney,* Justices.]