Metcalf *v.* Clark.

New trial granted.

[Broome General Term, January 26, 1864. *Campbell, Parker* and *Mason*, Justices.]

Metcalf *vs.* Clark and Wilson, executors &c.

Where a defendant, residing in Canada, was inveigled into this state by a trick, for the purpose of effecting a service of the summons upon him, the service of the summons and all proceedings dependent thereon, were set aside, and a warrant of attachment vacated.

Proceedings by attachment against executors are inapplicable for the purpose of compelling the settlement of the estate of the testator, or of enforcing payment by the executors of an individual demand contracted by the testator, where the executors are not charged with any breach of duty, except a neglect to pay the debt.

An ordinary action at law cannot be maintained, in this state, against foreign executors, as such, since the office of executor *de son tort* was abolished by statute.

But this objection to the action is matter of defense. It cannot be urged on a motion to set aside the summons.

ACTION to recover a claim amounting to over $1300 against the estate of Matthew Clark deceased, the defendant's testator, for moneys collected by Clark in his lifetime,

for the plaintiff, and which he had neglected to pay over. Clark, in his lifetime, resided in Canada, and the defendants, his executors, also resided there, and had assets. It appeared from the papers that on the 27th of May, 1863, one Freeman Nye, a resident of Lacolle, Canada East, who had been engaged in prosecuting the plaintiff's claim, sent word to the defendants to meet him at his store (situate in Canada and but a few feet from the boundary line between the United States and Canada) for the purpose of settling up the matters involved in this action; that the defendants accordingly went to the store of said Nye; and on their arrival, Nye stepped out and induced the defendant Wilson to hitch his horse under a certain shed adjoining the store; that said shed was situate just over the boundary line, in the state of New York; that Wilson did so hitch his horse in the said shed, whereupon one Booth, who was in the employ of Nye, served a summons upon him in this action. An attachment having been issued, the defendants, on affidavits showing the above facts, moved at special term to vacate the same, on the grounds that an attachment could not be issued against non-resident executors, to enforce a claim against them in that capacity; and that the summons was improperly served. The justice at special term made an order directing that the summons and complaint and warrant of attachment, and all proceedings subsequent thereto, be set aside with costs. From which order the plaintiff appealed.

*D. J. Rich,* for the appellant.

*S. P. Hubbell,* for the respondents.

*By the Court,* BOCKES, J. Appeal from an order granted at a special term, setting aside the summons, complaint, warrant of attachment and all proceedings herein.

We can have no doubt that the defendant, Wilson, was, through the instrumentality of the plaintiff, or of those acting

in his behalf, inveigled into this state with the purpose of effecting service upon him of the summons in this action. He was enticed within the jurisdiction of the court for a purpose to which the court will not give its sanction. As was said in *Carpenter* v. *Spooner*, (2 *Sandf.* 717,) the proceeding was a trick for the purpose of giving to this court jurisdiction of the action. The service of the summons, and all subsequent proceedings in the action dependent thereon should therefore be vacated. (*Goupil* v. *Simonson*, 3 *Abb.* 474. *Stein* v. *Valkenhuysen*, *Ellis*, *Black.* & *Ellis*, 65. *Williams* v. *Bacon*, 10 *Wend.* 636. *Snelling* v. *Watrous*, 2 *Paige*, 314.) The order of the special term, however, if put on this ground, should have set aside the *service* of the summons instead of the summons itself. But this is, probably, of no great moment in this case.

I am satisfied that the warrant of attachment was unauthorized, and hence was properly vacated. Even if the plaintiff had a cause of action in this state, against the defendants as executors of Matthew Clark, deceased, the attachment was unauthorized. Proceedings against them to obtain an application of the property of the estate to the payment of the debts of the testator must be taken, and conducted in the same way as if letters testamentary were granted to executors in this state. Letters ancillary or auxiliary may be granted here in the case of foreign executors, when administration here becomes necessary. But in no case is a warrant of attachment authorized against executors. The property of the estate is trust property in their hands, and must be dealt with as such for the benefit of all having an interest in it. Proceedings by attachment are proceedings at law for the benefit of the individual claimant. An injunction may perhaps issue, in some cases, against foreign executors or administrators, with a view to the preservation of the trust property, but the action then must be one in equity, involving some unjust and unlawful proceeding in regard to it on the part of the executors or administrators. Proceedings by attach-

ment are clearly inapplicable for the purpose of compelling the settlement of the estate of a deceased person or of enforcing payment by the executor of an individual demand contracted by the deceased, without charging the executors with any breach of duty except a neglect to pay the debt.

If I am correct in the above conclusions, the order of the special term was substantially correct. It probably, in strictness, should have been an order setting aside and vacating the *service* of the summons, and also subsequent proceedings in the action, including the warrant of attachment and proceedings thereon.

It seems to me, however, very clear that an ordinary action at law—which is this case, according to the facts presented on this appeal—cannot be maintained in this state against foreign executors as such. It has been for a long time the settled rule that a foreign executor cannot maintain an action here by virtue of his appointment abroad. (*McNamara* v. *Dwyer*, 7 *Paige*, 239. *Slatter* v. *Carroll*, 2 *Sandf. Ch.* 584. *Smith* v. *Webb*, 1 *Barb.* 230. 2 *Kent*, 432. *Lawrence* v. *Lawrence*, 3 *Barb. Ch.* 71. *Willard on Executors*, 162, 163. *Story on Confl. of Laws*, § 513.)

And I deem it equally well settled that an action *at law*, as distinguished from an action in equity, cannot be maintained in this state against a foreign executor or administrator. This was so expressly decided in *Vermilya* v. *Beatty*, (6 *Barb.* 429.) This point is considered in a note to Kent's Commentaries, (2 *Kent*, 431, 2, *note c*,) where it is said that the general rule in England and in this country is, that letters testamentary, or of administration, granted abroad, give no authority to sue or be sued in another jurisdiction, though they may be sufficient ground for new probate authority. The authorities both in England and in this country are there cited. So it was held, in *Campbell* v. *Tousey*, (7 *Cowen*, 64,) that an executor or administrator, appointed in a neighboring state, could not be sued *as such*, here. The action was maintained in that case, however, inasmuch as the de-

Metcalf *v.* Clárk.

fendant was shown to be an executor *de son tort;* that is, he was an executor, here, *de son tort.* As was said by Edwards, J. in *Vermilya* v. *Beatty,* he was held liable here, not as a foreign executor, but as an executor in this state by reason of his acts here. But the office of executor *de son tort* is now abolished. (2 *R. S.* 449, § 17. *Babcock* v. *Booth,* 2 *Hill,* 185. *Willard on Executors,* 140.)

Judge Story declares the rule as stated in *Vermilya* v. *Beatty,* and in the note to Kent's Commentaries, above cited. He says no suit can be maintained against a foreign executor or administrator, as such, in the court of any other country except that from which he derives his authority to act, for he has no positive right or authority over those assets situated elsewhere, and can only be held there to answer for his acts in regard to them. We are referred to three cases where actions have been maintained in this state against foreign executors or administrators. (*Campbell* v. *Tousey,* 7 *Cowen,* 64. *McNamara* v. *Dwyer,* 7 *Paige,* 239. *Gulick* v. *Gulick,* 33 *Barb.* 92.) The first of these cases was an action at law, and was maintained, as I have above suggested, on the ground that the defendant had made himself responsible here as an executor *de son tort,* which office has since been abolished by statute. And in that case it was held that the defendant was not liable to be sued in this state by virtue of his foreign appointment. In *McNamara* v. *Dwyer* the action was an equitable one, and was sustained because of its equitable character, and the chancellor there expressed a doubt whether the defendant could be called on to answer here in a court of law. So the action was maintained in *Gulick* v. *Gulick,* on the strength of the decision in *McNamara* v. *Dwyer,* as an action in equity. The case of *Slatter* v. *Carroll,* (2 *Sandf. Ch.* 573,) was also an action in equity, and was maintained on the principle of the decision in *McNamara* v. *Dwyer.* I am not cited to any case where an action has been maintained against a foreign executor, except on an allegation of such facts and circumstances as would constitute the action

one in equity, as distinguished from an action at law, simply for the recovery of money. It was said in *Brown* v. *Brown,* (1 *Barb. Ch.* 189,) that the case must be a special one, to be shown by the bill, before the action could be maintained. But this objection to the action is matter of defense. It cannot be urged on a motion to set aside the summons. It is a matter to be pleaded, as to which an issue may be found, to be tried as an issue in the cause. The order appealed from is substantially correct. The only tenable objection to it is formal merely. It should have been an order setting aside the service of the summons and all subsequent proceedings, and also to vacate the warrant of attachment. With this modification the order should be affirmed. And inasmuch as the merits of the motion as urged and discussed by counsel are found to be with the defendants, they should have the costs of the appeal.

With the modification above suggested the order appealed from must be affirmed, with ten dollars costs of appeal.

[SCHENECTADY GENERAL TERM, January 5, 1864. *Potter, Bockes* and *James,* Justices.]