IN THE MATTER OF THE APPLICATION OF JANE WEBB FOR LEAVE
TO REVIVE AN ACTION AND SERVE A SUPPLEMENTAL COMPLAINT.

*Foreign executor and administrator — cannot prosecute or defend action — except
where there are assets in this State.*

An executor or administrator, appointed in and acting under the authority of a
foreign court of probate, by virtue of his office merely, cannot prosecute or
defend an action in the courts of this State, nor can he be substituted in the
place of the deceased in an action therein, pending against him at the time of
his death.

*Semble*, that the rule is otherwise where the executor has brought assets of the
estate into this State.

APPEAL by John D. Buckalew from an order made reviving an
action, and allowing the service of a supplemental complaint.

*Aaron Pennington Whitehead,* for the appellant.    Foreign execu-
tors cannot be held liable in this State as such in a court of law; this
has been expressly held by the Supreme Court of the United States
and by the courts of this State.    (*Vaughn* v. *Northrup*, 15 Peters,
7; *Vermilya* v. *Beatty*, 6 Barb., 429; Story's Confl. of Laws, § 513;
*Parsons* v. *Lyman*, 20 N. Y., 103; *Morrell* v. *Dickey*, 1 Johns. Ch.,
153; *Doolittle* v. *Lewis*, 7 id., 45; *Williams* v. *Storrs*, 6 id., 353;
*Broom* v. *Van Horne*, 10 Paige, 549; *Brown* v. *Brown*, 1 Barb.
Ch., 189; *Warren* v. *Eddy*, 13 Abb. Pr., 28.)    The only exception
is, where the foreign administrator has brought the assets into this
State.    (*Gulick* v. *Gulick*, 33 Barb., 92.)

*I. T. Williams,* for the respondent.    It is well settled that a foreign
executor or administrator, who has brought a portion of the assets
of the estate of the deceased into this State, may be sued by a creditor
in the courts of this State, and be compelled to pay his claim from
such assets, if they are sufficient for that purpose. (*Campbell, Admr.,
etc.,* v. *Towsey, Exr., etc.,* 7 Cow., 64; *McNamara* v. *Dwyer,* 7 Paige,
239; *Brown* v. *Brown,* 1 Barb., 189; *Gulick* v. *Gulick,* 33 id., 92;
*Peterson* v. *Chemical Bank,* 32 N. Y., 21; *Harvey* v. *Richards,* 1
Mason, 403; *Dawes* v. *Head,* 3 Pick., 123; *Mothland* v. *Wiseman*
3 Penn., 185; 2 Kent Com., 433; *Tunstall* v. *Pollard's Admr.,* 11

Leigh, 1; *Bryan* v. *McGee, Admr.*, 2 Wash. C. C., 337; *Pugh's Exrs.* v. *Jones*, 6 Leigh, 310; *Middlebrook* v. *The Merchants' Bank*, 24 How., 267.)

DANIELS, J.:

The plaintiff, Jane Webb, commenced and prosecuted an action against James Buckalew, to recover damages for the breach of a covenant against incumbrances contained in a deed executed and delivered by him to her grantor. Issue was joined in the action by the service of an answer, and a reference of the case was directed to obtain proof of the facts. While that remained undetermined the defendant departed this life, being at the time a resident of the State of New Jersey. He left a will, by which he appointed his sons, Isaac S., John D. and Frederick S. Buckalew, his executors and also trustees of one-fourth of his estate for the benefit of his daughter. Letters testamentary were issued to them by the surrogate of the county of Middlesex, in the State of New Jersey, and the will was also proved and recorded in the Surrogate's Court of the county of New York; but no letters testamentary were issued upon such proof. John D. Buckalew was afterwards found within this State and served with an affidavit and notice of motion for an order reviving the action and for leave to serve a supplemental complaint for that purpose. The motion was heard and an order made to the effect applied for, and from that order the executor, upon whom the motion papers were served, appealed.

The claim in suit is strictly one against the personal representatives of the testator, and in no way connected with any trust created by his will. If the action had been to enforce, maintain or vindicate a trust, the foreign domicile or appointment of the trustee would have formed no objection to its prosecution against him in the courts of this State. (1 Perry on Trusts, §§ 71, 72.) But the cause of action alleged arose during the lifetime of the testator, and the trusts created by his will have no possible relation to or connection with it. For those reasons the action cannot properly be revived and prosecuted against his executors as trustees under the will.

Neither have the executors, or either of them, removed or brought any portion of the assets in their hands into this State. If that had been done, the action might have been revived and proceeded

against the party served for that reason. (*McNamara* v. *Dwyer*, 7 Paige, 239; *Brown* v. *Brown*, 1 Barb. Ch., 189; *Gulick* v. *Gulick*, 33 Barb., 92; *Pugh's Exrs.* v. *Jones*, 2 Leigh, 299, 310.)

The application to make them parties to the action must, therefore, depend alone upon the fact that they have been appointed executors under and by virtue of the laws of the State of New Jersey; and that, according to the uniform course of the authorities upon the subject, seems to be insufficient to justify the proceeding. In *Doolittle* v. *Lewis* (7 Johns. Ch., 45) that was declared to be the law. The chancellor, in deciding the case, held that it was well settled that a party cannot sue or defend in our courts, as executors or administrators, under the authority of a foreign Court of Probate. (Id., 47.) In *Vermilya* v. *Beatty* (6 Barb., 429) the precise point was before the General Term of the first district, and that rule was then maintained as the settled law.

And it was again repeated in *Warren* v. *Eddy* (13 Abb., 28), and to the same extent in *Vaughan* v. *Northup* (15 Peters, 1); *Noonan* v. *Bradley* (9 Wall., 394); 2 Williams on Executors (3d Am. ed., 1641); Story's Conflict of Laws (5th ed., § 513). The authorities all appear to be in one direction, holding the law to be that foreign executors and administrators cannot merely by virtue of their offices either prosecute or defend actions in the courts of other States. In some instances the disability has been removed by statute; but where that is not the case, and the representative has not removed the assets or some portion of them into this State, the rule of the common law is that which has been already stated.

The order made must consequently be reversed and the motion denied.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed and motion denied.