Field agt. Gibson.

## SUPREME COURT.

HECKSON W. FIELD agt. VIRGINIA E. A. GIBSON, as executrix of the last will and testament of RICHARD P. GIBSON, deceased.

*Foreign executors — actions at law and in equity.*

Foreign executors are not recognized in their official capacity by domestic courts of *law*, and they cannot be sued therein as such. They may, however, be proceeded against in equity under certain circumstances, and upon proper allegations, to prevent waste of property brought within the jurisdiction, and secure its application to the payment of the debts of the testator according to the law of the state whence they derived their authority.

*Special Term, October*, 1878.

DEMURRER to complaint. The ground of demurrer was that the court has not jurisdiction of the defendant, as executrix, &c., nor of the cause of action against her, as executrix, &c., &c.

*Dailey & Perry*, for defendant.

*Jackson & Henry*, opposed.

VAN VORST, *J.*— This is an action for the recovery of rent due by the terms of a lease. The defendant is prosecuted as executrix of the last will and testament of Richard P. Gibson, deceased, who, in his lifetime, executed the lease under which the rent accrued.

The complaint alleges, that the defendant, by an order or determination of the surrogate of Monmouth county, in the state of New Jersey, duly made, was, on the 16th day of March, 1875, appointed, and now is, the executrix of the will of the

It is a general rule of law, that foreign executors are not recognized in their official capacity by domestic courts of law, and cannot be sued therein as such ( *Campbell* agt. *Tousey*, 7 *Cowen R.*, 64 ; *Vermilya* agt. *Beatty*, 6 *Barb.*, 429 ; 2 *Kent's Com.*, 432, *note C ; Leomard* agt. *Putnam*, 51 *N. H.*, 106 ; *Metcalf* agt. *Clark*, 41 *Barb.*, 45 ; *Dolittle* agt. *Lewis*, 7 *John. Chy.*, 45).

I am, however, referred by the learned counsel for the plaintiff to *Gulick* agt. *Gulick* ( 33 *Barb.*, 92 ), as an authority which sustains this action. But it is to be borne in mind that this action is at law to recover upon an obligation of the testator ; no equitable relief is sought, but a money judgment only is demanded.

*Gulick* agt. *Gulick* was an action in equity, in which the defendants were asked to account and pay the avails of certain property, which had been received and converted.

The property had been brought within this jurisdiction.

Bookes, J., in *Metcalf* agt. *Clark* ( *supra* ), in alluding to *Gulick* agt. *Gulick*, notices the fact that it was an action in equity.

Actions in equity have been entertained, within this jurisdiction, against foreign executors who have brought, or had, in this state, property of the testator to prevent, upon proper allegations, its waste, and secure its application to the payment of the debts of the testator, according to the law of the state whence the executors derived their authority.

This has been allowed to prevent a total failure of justice ( *Brown* agt. *Brown*, 1 *Barb. C. R.*, 189 ; *McNamara* agt. *Dwyer*, 7 *Paige*, 259 ).

But when it is sought to recover a money judgment only against a foreign executor, the creditor should be remitted to the forum which has jurisdiction over him in his representative character. This court has no such jurisdiction, and there should be judgment for the defendant upon the demurrer with costs.