HICKSON W. FIELD, APPELLANT, v. VIRGINIA E. A. GIBSON AS EXECUTIRX, ETC., RESPONDENT.

*Foreign executor — cannot be sued at law in this State — power of a court of equity to compel an accounting by such executor.*

This action was brought to recover rent due on a lease executed by one Gibson, against the defendant, as executrix of the last will and testament of the said Gibson. The defendant was appointed such executrix by the surrogate of Monmouth county, in the State of New Jersey, and, as such executrix, had taken possession of the premises so leased to the said Gibson.

*Held,* that the courts of this State had no jurisdiction of an action at law against a foreign executrix, and that the action could not be maintained.

*Quære,* as to whether if the complaint had contained appropriate averments, the action could have been maintained as one in equity for an accounting.

APPEAL from order of the Special Term sustaining a demurrer to the complaint, and from a judgment entered thereon dismissing the complaint.

The action was brought to recover from the defendant, as executrix of the last will and testament of Richard P. Gibson, deceased, the rent of certain premises in the city of New York which Gibson held under a lease for a term of years at the time of his death.

The lease was of the stores underneath what is known as the Hotel St. Germain, in the city of New York, and was for the term of five years from May 1, 1873, at the yearly rent or sum of $12,000, the rent to be paid in equal quarter-yearly payments on the first days of August, November, February and May, in each year. The testator, Richard P. Gibson, entered into the possession of the demised premises and was possessed thereof at the time of his death. He died in the month of February, 1875, leav-

ing a will appointing the defendant the sole executrix thereof. Letters testamentary were granted to the defendant, in the State of New Jersey, on the 16th day of March, 1875. As such executrix, the defendant took possession of and occupied the premises under the above-mentioned lease. On February 1, 1878, there was owing to the plaintiff $3,000 for the rent due on that day, but no part thereof has been paid, except the sum of $2,500, leaving a balance of $500 due. On or about the 1st day of November, 1875, the plaintiff and defendant had an accounting as to the rent then due to the plaintiff up to November 1, 1875, and it was then and there agreed between them that there was then due to the plaintiff from the defendant at least the sum of $1,000. At the request of the defendant, the plaintiff agreed to forego the sum of $500 of said admitted indebtedness, and the defendant agreed to pay the balance thereof, but has failed so to do, except that she has paid the sum of $325 on account thereof, leaving the sum of $175 still due to this plaintiff on account of the rent of these premises up to November 1, 1875.

The defendant demurred on the ground that this court had no jurisdiction of the defendant as executrix, nor of the cause of action against the defendant as executrix.

*Jackson & Henry*, for the appellant. The courts of this State have jurisdiction over a foreign executor where he has property or assets belonging to the estate within this State. (*Gulick* v. *Gulick*, 21 How. Rep., 22; *S. C.*, 33 Barb., 92; *In re Webb*, 11 Hun, 124; *Campbell* v. *Tousey*, 7 Cow., 67.)

*Dailey & Perry*, for the respondent. Since the office of executor *de son tort* has been abolished by statute, an ordinary action at law cannot be maintained in this State against a foreign executor. (3 R. S., 449, § 17; 16 N. Y., 336; 9 id., 149; 16 Barb., 544; 6 id., 429; 2 id., 172; 3 Barb. Ch., 479.) In this case it does not appear by the complaint that the defendant has ever been in possession of any of the assets of the testator within this State, and even if it had been so alleged she could not be made liable in a court of law. (*Vermilyea* v. *Beatty*, 6 Barb., 429; 2 Kent, 431, note *c;* 7 Cow., 64; 3 R. S., 449, § 17; 2 Hill, 185; Will. on

Ex.; *Metcalf* v. *Clark*, 41 Barb., 45.)   It is now well settled that an executor or administrator, appointed in another State, has not, as such, any authority beyond the sovereignty, by virtue of whose laws he was appointed.   (1 Johns. Ch., 153; 7 id., 45; 10 Paige, 549; 20 N. Y., 103.)   A foreign executor is responsible for the assets which are in his possession within this State, no matter where they may have been received ; but they cannot be recovered in an action at law.   (7 Cow., 64; 7 Paige, 239; *Gulick* v. *Gulick*, 33 Barb., 92.)   An action will not lie against an executor or administrator in his official capacity in the courts of another State or county other than that from which he derives his authority to act.   (*Vermilyea* v. *Beatty*, 6 Barb., 429; *Smith* v. *Webb*, 1 id., 231; *Leonard* v. *Putnam*, 51 N. H., 247; *S. C.*, 12 Am. Rep., 106; *Jackson* v. *Johnson*, 34 Ga., 511; Story on Conflict of Laws, § 513;  See Wait's Actions and Defences, vol. 3, p. 249, § 1.)

Davis, P. J. :

The respondent having taken possession of the property held by her testator, without being appointed executrix under the laws of this State, could at common law be sued as executrix *de son tort*, as was held in *Campbell* v. *Tousey* (7 Cow., 64).

The Revised Statutes, however, abolished executors *de son tort* (2 R. S., 449, § 17), and after such abolition no action could be maintained against any person in the character of executor *de son tort*.

It is a conceded and well settled general rule that an action at law as distinguished from an action in equity, cannot be maintained in this State against a foreign executor or administrator ; but where such executor or administrator has come into this State bringing assets of the estate, or has taken out letters of administration in this State in respect of assets located here, he may be proceeded against in a proper action brought in equity to compel an accounting for such assets.   This is not such a suit.   It is an action brought to recover specific sums of money as rent due upon a lease executed by the testator of the executrix, founded either upon the lease itself, or upon the use and occupation of the premises by the respondent; and it is brought against her wholly in her representative capacity.   If it were practicable

to treat the complaint as one against the defendant in her individual capacity, by rejecting the averments in relation to her testator and the lease to him, and her successi͡ as executrix, the demurrer might be overruled; but it is not.

In the court below Mr. Justice VAN VORST delivered the following opinion :

" This is an action for the recovery of rent due by the terms of a lease. The defendant is prosecuted as executrix of the last will and testament of Richard P. Gibson, deceased, who in his life-time executed the lease under which the rent accrued. The complaint alleges that the defendant, by an order or determination of the surrogate of Monmouth county, in the State of New Jersey, duly made, was, on the 16th day of March, 1875, appointed and now is the executrix of the will of the deceased Richard P. Gibson, and as such took possession of the premises which plaintiff had leased to the decedent.

It is a general rule of law that foreign executors are not recognized in their official capacity by domestic courts of law, and cannot be sued therein as such. (*Campbell* v. *Tousey,* 7 Cow., 64; *Vermilya* v. *Beatty,* 6 Barb., 429; 2 Kent. Com., 432, note *c ; Leonard* v. *Putnam,* 51 N. H., 247; *Metcalf* v. *Clark,* 41 Barb., 45.)

I am referred by the learned counsel for the plaintiff to *Gulick* v. *Gulick* (33 Barb., 92) as an authority which sustains this action. But it is to be borne in mind that this action is at law to recover upon an obligation of the testator ; no equitable relief is sought, but a money judgment only is demanded.

*Gulick* v. *Gulick* was in equity, in which the defendants were asked to account and pay the assets of certain property which had been received and converted. The property had been brought within this jurisdiction.

BOOKES, J., in *Metcalf* v. *Clark* (*supra*), in alluding to *Gulick* v. *Gulick,* notices the fact that it was an action in equity. Actions in equity have been entertained within this jurisdiction against foreign executors who have brought or had in this State property of the testator to prevent, upon proper allegations, its waste, and secure its application to the payment of the debts of the testator, according to the law of the State, whence the execu-

tors derived their authority. This has been allowed to prevent a total failure of justice. (*Brown* v. *Brown*, 1 Barb. Ch., 189; *McNamara* v. *Dwyer*, 7 Paige, 239.)

But when it is sought to recover a money judgment only against a foreign executor the creditor should be remitted to the forum which has jurisdiction over him in his representative character.

This court has no such jurisdiction, and there should be judgment for the defendant upon the demurrer, with costs."

We consider this opinion a sound exposition of the law applicable to the case presented by the complaint, and upon it and the authorities therein cited we think the order and judgment must be affirmed. If the complaint contained averments by reason of which we could regard it as a bill for an accounting in equity, we might be able to uphold the action, but for the purposes for which the suit is brought this court has no jurisdiction of the executrix.

BRADY and BARRETT, JJ., concurred.

Order and judgment affirmed.