JAMES B. LOCKWOOD, Sole Testamentary Trustee of the Estate of BENJAMIN F. COOPER, Deceased, and Others, Respondents, v. WILLIAM T. BRANTLY, as Administrator, etc., Appellant, and Others.

*Service of summons by publication — in what class of actions an order for such service may be made — what facts show that the defendant cannot be served within the State.*

This action is brought by the testamentary trustee of one Cooper against the defendant, the administrator of one Brantly, who had been appointed in Maryland, and the Utica Steam Cotton Mills, to procure certain shares of the stock of the said company, standing on its books in the name of the said Brantly, to be transferred to the plaintiff upon the ground that the stock had

been held by the said Brantly as security for a loan made to the said Cooper, which had been fully paid and discharged:

*Held,* that the action was one in which an order might properly be made for the service of the summons by publication upon the foreign administrator.

.The plaintiff's affidavit stated positively that the defendant administrator then was, and had long been, a resident of the city of Baltimore, and that the deponent had been informed by one Sterling that the said defendant was in Baltimore a day or two before the time of making the affidavit.

*Held,* that this proof was sufficient to establish the fact that the said defendant could not after due diligence be found within this State.

*Carleton* v. *Carleton* (85 N. Y., 313) distinguished.

APPEAL from an order made at a Special Term denying a motion to vacate an order for the service of the summons on the defendant Brantly, as administrator of William F. Brantly, by publication, and refusing to set aside a service of the same made thereunder.

The plaintiff, the sole testamentary trustee of the estate of Benjamin F. Cooper, deceased, claimed that the said Cooper had transferred six shares of stock of the Utica Steam Cotton Mills to the said William T. Brantly to be held as collateral security for a loan. That the loan had been fully paid and satisfied, but that the defendant administrator refused to transfer the said stock to the plaintiff, or to the executor of the said Cooper's estate, though often requested so to do.

*Howard R. Bayne,* for Brantly, administrator, appellant.

*Henry Cooper,* for the respondent.

PRATT, J.:

This appeal is from an order denying a motion to set aside an order of publication and service of summons and to dismiss the action. The suit is brought against defendant, a foreign administrator, and the Utica Steam Cotton Mills, to recover twelve shares of stock claimed to be the property of the plaintiff and one Cooper. The complaint alleges that this stock stands in the name of defendant's intestate on the books of the Utica Steam Mills Company, and that defendant refuses to surrender the same. It is, therefore, an action purely to reach this stock and have it transferred to the name of the true owner. The property is in this State and the action is one in equity to enforce a trust upon, or determine claims in respect thereto. Such an action is well brought against a foreign administrator. (*Gulick* v.

*Gulick*, 33 Barb., 102; *McNamara* v. *Dwyer*, 7 Paige, 239; *Field* v. *Gibson*, 56 How., 232; *Brown* v. *Brown*, 1 Barb. Ch. R., 189.) We think the allegation in the complaint bring the case clearly within the rule, that authorizes a suit to be maintained to prevent a failure of justice. The relief sought has no reference to any assets of the estate of which defendant is administrator The object is to compel the Utica corporation to issue stock to the plaintiff in place of certificates now held by defendant as administrator.

The Utica corporation cannot be impleaded in Maryland, and if this suit cannot be maintained the plaintiff is without adequate remedy. There is no question concerning wasting of assets or distributing the estate, as the property is alleged not to belong to the estate, but the defendant has come with a *quasi* possession and claims an interest therein as administrator. The complaint was sufficient in substance and form to meet the requirements of section 439 of the Code of Civil Procedure and, together with the affidavit, conferred jurisdiction for granting the order. The affidavit positively states that defendant now is, and long has been a resident of the city of Baltimore and that deponent was informed by one Sterling that defendant was there a day or two before the time of making the affidavit. This proof was sufficient to establish the fact that after due diligence the defendant could not be found within the State. Under the authority of *Carleton* v. *Carleton* (85 N. Y., 313), it is probable that mere proof that defendant was a resident of the city of Baltimore at the time would not satisfy the provisions of the Code, but the proof here shows that he was actually there at the time. Where a party is shown to be actually at a certain place out of the State, it follows that he cannot, with any amount of diligence, be found within the State. The plaintiff elected to serve the defendant personally without the State, and this was equivalent to publication and deposit in the post-office.

We think the requirements of the statute have been complied with and that the order appealed from should be affirmed, with costs.

Present — BARNARD, P. J., and PRATT, J.; DYKMAN, J., not sitting.

Order affirmed, with costs.