WILLIAM D. MURPHY, RESPONDENT, v. WILLIAM HALL, AS ADMINISTRATOR, ETC., OF ANNA MARIA GRACIE, DECEASED, APPELLANT.

*Foreign administrator — jurisdiction of the courts of this State over an action against him — practice — amendment of a clerical error in an affidavit — Code of Civil Procedure, sec. 723.*

This action was brought by the plaintiff, an attorney at law practicing at Albany, N. Y., against the defendant, who had been appointed administrator of one Gracie of Louisiana by a court of that State, to recover for work and services performed for the estate at the special instance and request of the defendant.

Upon an appeal from an order denying a motion to vacate or modify an attachment issued in the action:

*Held,* that if the action were treated as brought against the defendant as a foreign administrator, this court had, in the absence of allegations showing any assets in this State, no jurisdiction over it.

That treating it as an action brought against the defendant individually, the levy under the attachment should be vacated in so far as it affected assets of the estate.

A motion to vacate an order for the service of a summons by publication was made upon the ground that the affidavit appeared to have been sworn to in the county of New York before a notary public of the county of Albany.

*Held,* that this was evidently a clerical error, which did not prejudice the defendant, nor affect a substantial right, and that an amendment should be allowed under section 723 of the Code of Civil Procedure.

APPEALS from an order denying a motion to vacate the attachment herein, or to so modify it that it should run only against the property of the defendant in his personal capacity, and from an order denying a motion to vacate an order for the service of the summons herein by publication.

*Douglass & Minton,* for the appellant.

*Sewell, Pierce & Sheldon,* for the respondent.

BRADY, J.:

This action was commenced by attachment against the defendant, as a non-resident of the State. The complaint alleges that the plaintiff is an attorney and counselor-at-law, practicing his profession, as such, at Albany, New York; that the defendant is the administrator of the goods and chattels of Anna Maria Gracie, late of

Louisiana, and that he was appointed as such by a court in that State; and, further, that the defendant is indebted to the plaintiff for work and services performed for the estate mentioned at a special instance and request of the defendant, and entitled therefor to the sum of $1,000.

There is no allegation that any portion of the assets are within this State, or that the defendant has brought any hither. The action is brought, however, against the defendant, as an administrator, and from the allegations in the complaint, as we have seen, it appears that he is a foreign administrator. This court has no jurisdiction in an action at law against such a person. (*Matter of Webb*, 11 Hun, 124; *Gray* v. *Ryle*, 5 Civ. Pro., 387; *Field* v. *Gibson*, 56 How., 232; *Metcalf* v. *Clark*, 41 Barb., 45.) "It is a general rule of law," said VAN VORST, J., in *Field* v. *Gibson* (*supra*), "that foreign executors are not recognized in their official capacity by domestic courts of law, and cannot be sued therein as such. Actions in equity have been entertained within this jurisdiction against foreign executors who have brought, or had in this State, property of the testator, to prevent, upon proper allegations, its waste, and secure its application to the payment of the debts of the testator, according to the law of the State whence the executors derived their authority." "This has been allowed," said the learned judge, "to prevent a total failure of justice;" and, further: "But when it is sought to recover a money judgment only against a foreign executor, the creditor should be remitted to the forum which has jurisdiction over him in his representative character." If we treat this action, therefore, as one against a foreign administrator, this court, under the authorities cited, would have no jurisdiction of it, and the attachment would necessarily be vacated.

It appears, however, to be based upon a contract made by the administrator in reference to the estate, namely, for the purpose of recovering assets that belonged to the decedent. Such a contract does not bind the estate of the person whom the defendant represents, nor is it a charge upon the assets in his hands. It binds him personally. (*Austin et al.* v. *Munro et al.*, 47 N. Y., 361; *Ferrin* v. *Myrick*, 41 id., 315.)

Assuming, therefore, for the purpose of this appeal, that this is an action against the administrator, personally, upon a contract made

by him, and for which he is responsible, the levy under the attach-ment should have been discharged for the reason that, according to the record, it was made of assets belonging to the estate. The court below was right, therefore, in declining to discharge the attachment absolutely, the defendent being a non-resident and the action being upon a contract, for which he is personally liable, assuming the allegations in the complaint to be true.

The cases heretofore referred to, and by which it has been declared that a foreign executor is not amenable to our courts, pre-sented for consideration claims against the intestate or testator on contracts made with him, and must be confined to such claims. There can be no doubt of our jurisdiction in an action against a foreign administrator, founded upon a personal contract made by himself, although made with reference to the estate. The motion to discharge the levy upon the assets of the estate should, therefore, have been granted.

The motion to discharge the order of publication is predicated of the objection, that the affadavit upon which the attachment was granted was insufficient, for the reason that it appears to have been sworn to in this county, before a notary public of the county of Albany. This is evidently a clerical error, and one which does not prejudice the defendant, nor affect a substantial right ; and it is thought that under the provisions of section 723 of the Code of Civil Procedure, an amendment should be allowed.

For these reasons the order in reference to the attachment appealed from should be modified as suggested in the opinion, and, in all other respects affirmed, without costs to either party. The appeal from the order denying the motion to discharge the order of publication should be affirmed, with ten dollars cost, and the dis-bursements to abide the event.

DAVIS, P. J., and DANIELS, J., concurred in the result.

Order denying motion to vacate attachment modified as directed in opinion, and affirmed as modified, without costs to either party ; order denying motion to discharge order of publication affirmed, with ten dollars cost, and disbursements to abide event.