### HOPPER *v.* HOPPER.

*(Supreme Court, Special Term, New York County. January 7, 1889.)*

1. EXECUTORS AND ADMINISTRATORS—ANCILLARY LETTERS—ACTIONS—NON-RESIDENT CREDITOR.

   An action at law will not lie in New York by a non-resident creditor against a foreign executrix who has taken letters ancillary, but who has received no assets in that state.

2. SAME—EQUITABLE ACTION—DECEASED PARTNER.

   An action on a money demand is not an equitable action simply because its object is to charge the estate of a deceased partner with a firm debt.

Action by Oliver T. Hopper against Mary C. Hopper, who, as foreign executrix, has taken out letters ancillary in New York.

*Charles B. Paige* and *Horace Secor,* for plaintiff.   *Robert F. B. Easton,* for defendant.

BARRETT, J   It is conceded that an action at law will not lie in the courts of this state against a foreign executor. The plaintiff, however, contends that such an action will lie against a foreign executor who has taken out ancillary letters here. No authority is furnished in support of this contention, and it is contrary to the general doctrine upon the subject. Where a foreign executor has reduced assets of the decedent within our jurisdiction to his possession, he will be compelled to account therefor in equity; and, where he has secured such assets by virtue of his ancillary letters, he may be required by the surrogate to pay the debts of the decedent due to creditors within the state. Code Civil Proc. § 2701. Unless otherwise directed by the surrogate, or by the judgment or order of a court of record, the person to whom ancillary letters are issued must transmit the money or other personal property of the decedent, received by him, to the state, where the principal letters were granted, to be disposed of pursuant to the laws of that state. Code, § 2700. In the case at bar the plaintiff is not a resident creditor, nor has the executrix received any money or other property of the decedent under her ancillary letters, or at all, in this state. All, therefore, that is necessary for me to decide is that a judgment at law cannot be recovered against her here by such foreign creditor. The plaintiff must resort to the forum of the original appointment.

It is claimed that the action is an equitable one, because it seeks to charge the estate of a deceased partner. But the plaintiff simply demands a money judgment, and he makes this demand against the defendant as such foreign executrix. The defendant is none the less a foreign executrix because we have authorized her by ancillary letters to collect the assets of the decedent within our jurisdiction. She is in no just sense a domestic executrix. The equitable action, for which alone authority is to be found in the cases, is by a resident creditor for an accounting with regard to assets actually collected within this state by a foreign executor, and for a proper distribution thereof. This has been allowed to prevent a total failure of justice. *Field* v. *Gibson,* 56 How. Pr. 232, affirmed, 20 Hun, 276; *Brown* v. *Brown,* 1 Barb. Ch. 189; *McNamara* v. *Dwyer,* 7 Paige, 239; and see other cases cited in *Field* v. *Gibson.* And it is so allowed, as was said by DAVIS, P. J., in *Field* v. *Gibson,* where an "executor or an administrator has come into this state bringing assets of the estate, or has taken out letters of administration in this state in

respect to assets located here." But that would seem to be the limit of authority.

The complaint must therefore be dismissed, with costs.