By the Court,—Sedgwick, Ch. J.
If it appeared that the court had not jurisdiction of the subject matter of the *76 action, then it was competent to vacate the order of examination, although that might be doubtful if the objection were that the complaint did not state facts sufficient to constitute a cause of action of which the court would have jurisdiction when properly stated.
The complaint stated that the plaintiff was one of the next of kin of Elizabeth Fisher, always resident of and who died in Hungary; that the defendant obtained in the state of Georgia, from a court competent in such matters, under proper circumstances, letters of administration upon the estate of Fischer, and thereupon collected from a debtor of Fischer, residing in Georgia, $1,000, due to her; that defendant is a resident of the state of New York and has possession of said $1,000; “ that no part was needed to pay debts of the deceased or any funeral or other necessary expenses of her, and that the defendant has paid no such debts or expenses with said $1,000, or upon the credit thereof, and has no claim upon or offset to the same by reason of having paid any such debts or expenses, or for any other like cause, and he has fully administered upon the estate of said deceased, Elizabeth Fischer, under said letters of administration ; and that there remains in his hands as such administrator over $1,000 of the estate of said deceased Elizabeth Fischer, to be distributed among the next of kin.” The complaint demands that the plaintiff be adjudged to account for the said moneys, and to pay over to this plaintiff his distributive share “or other share,” of the same with interest.
An action at law is not sustainable for a distributive share of an intestate’s property to which the plaintiff is entitled, although the personal representative has promised payment, unless there bfe evidence showing that he holds the money, not as executor or administrator, but in his individual character, upon a new contract of a loan of it to him (1 Chitty Pl. 101, and cases in New York and other states cited in the notes).
The remedy is the resort to a court of equity, or other court with like power to compel the administrator to per *77 form his duty, in respect of the property, of which beholds the legal title for the benefit of such persons as are by the law interested in it. Accordingly, the courts of this state having no jurisdiction over administration by foreign executors or administrators, in general, will have no jurisdiction in particular, unless it is established that there is within this state a fund or property. Substantially they will act in rem through the form of an action against the administrator (Vermilya v. Beatty, 6 Barb. 429, and the cases cited).
The complaint states that the defendant is a resident of this state, and that he has the $1,000 referred to. It is consistent with this, that the money is not in fact within this state. As the pleader omits to state the existence of a fact of so much importance to the cause of action, the presumption is that the allegation could not truthfully be made. The matter cannot be dealt with on a supposed presumption that the personal property of a person is where he is actually. The presumption in this case is that the property to be administered is within the jurisdiction of administration. If it were not so, a foreign administrator who was a resident of this state could in all cases be compelled to administer here by a court in equity.
It seems to me that this is not a case of an omission to state a fact, which, with the facts stated, would make a cause of action ; for, on the facts stated, the court has no power to grant the relief which is affirmatively demanded.
Order affirmed, with $10 costs, and disbursements to be taxed.
O’Gorman, J., concurred.